Brian K. Jackson (15296)                                   **This is a Private Record**
BRIAN K. JACKSON, LLC
341 S. Main St. Suite 500
Salt Lake City, Utah 84111
Phone: (801) 441-8922
Fax: (801) 534-1948
brianj@bjacksonlaw.com

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| In Re Interest of I.F. a minor child; Sherrie and Michael Fazzio,<br><br>       Plaintiffs,<br><br>v.<br><br>The Standard Examiner.,<br>Sandusky Newspaper Inc.,<br>Weber County,<br>Records Finder,<br><br>       Defendants. | **COMPLAINT**<br><br>Civil No.: 1:17-cv-00132-RJS<br>Judge<br><br>***JURY TRIAL REQUESTED*** |

Plaintiffs, I.F. a minor child, through his legal guardian Sherrie and Michael Fazzio, and Sherrie and Michael Fazzio in their individual capacities now bring this action by and through their legal counsel, Brian K. Jackson of Brian K. Jackson, LLC in the United States District Court for the District of Utah, Central Division and hereby allege and complain the following facts and requests this court that compensation for damages that have been incurred thereby be entered based on the foregoing legal causes of actions:

### PARTIES, JURISDICTION, VENUE

1.      Plaintiff, I.F. is a minor child under the age of 16 years. Plaintiffs, Michael and

Sherrie Fazzio are the legal guardians of the minor child and bring this action on his behalf. Plaintiffs, Sherrie and Michael Fazzio are also bringing this action in their own individual capacities. Plaintiffs are residents of Weber County and have been for more than six months. The minor child has resided in Weber County for more than six months. There are no other actions pending in regards to this action or in regards to the minor child and his legal custody in this jurisdiction or another jurisdiction.

2.      (Defendant #1), The Standard Examiner, is a subsidiary of Sandusky Newspaper Inc. and is a media company involved in the gathering and publishing of news and advertising for the general public primarily in the Weber County, Utah region and whose primary location is located in Ogden, Utah.

3.      (Defendants #2), Sandusky Newspaper Inc. is a media company involved in the gathering and publishing of news and advertising for the general public and controls and owns The Standard Examiner. Their principal primary headquarters are located in Sandusky, Ohio.

4.      (Defendant #3) Weber County as a government entity with the duties of enacting and providing legislation on behalf of the public within its county boundaries authorized under its own legislation, state legislation and the 10th Amendment of the United States.

5.      (Defendant #4) The company Records Finder which is a business that hosts the website "Policearrests.com" that posts information about individuals that were recently arrested. The company's primary headquarters are located Richmond, Virginia.

6.      Venue is proper in this Court pursuant to 28 USC Section 1391 in that a substantial part of the claims occurred within this Federal Jurisdiction.

7.      Subject matter jurisdiction is proper pursuant to 42 U.S.C Section 1983 with a

matter arising under a federal law as well as 28 U.S.C. Section 1332  for a matter arising under a case involving entities that are incorporated outside of the state of Utah for claims alleged under the common law in regards to tort the state of Utah abides by and has implemented and this court having original subject matter jurisdiction to the adjudication of those claims which occurred in Weber County, Utah and an amount in controversy being in excess of $75,000.

8.    Personal Jurisdiction over the defendants is proper as The Standard Examiner and Weber County are entities located in the State of Utah. Sandusky Newspaper Inc. is a parent company of the Standard Examiner and therefore has personal contacts within the state of Utah. Records Finder has contacts in the state of Utah with the nature of the company is compiling and distributing records related to individuals located in the State of Utah. Plaintiff also sent a notice to commence action to Weber County six months within the date of the alleged occurrence prior to commencing this action.

<u>**GENERAL ALLEGATIONS**</u>

9.    I.F. is a minor child who was charged with allegations through the Weber County Juvenile Center. The incidents occurred on or before February 21st, 2017. He was 16 years of age at the time this incident happened.

10.    On Monday, April 10th, I.F. and his mother attended a legal proceeding with the Juvenile Court that ultimately resolved the issues.

11.    Part of the resolution included I.F. to get fingerprinted by an employee and Juvenile Justice Services or local law enforcement with 120 days as ordered by the Juvenile Court.

12.    The legal proceedings, charges, history and court documents with I.F. through the

Weber County Juvenile Center were not open to inspection by the general public pursuant to Utah Code 78A-6-209 and the judge that presided over the matter had not consented to any insemination of the minor child's information to the general public. As well as under Utah Code Ann. 78A-6-1206 in regards to liability dealing with a youth.

13.     This is the first time I.F. had ever been in any kind of trouble and the legal guardians and parents of I.F. decided to handle the matter privately. Only a few close friends and family members were told about the incident. None of I.F. peers or friends knew about the incident.

14.     I.F. was also facing disciplinary proceedings on the Weber County School District Level. The School District understood the nature of the proceedings and the need for privacy in regards to resolving the matter as a result, I.F. had gone through a legal proceeding with the School District and no individual knew or was aware of the proceedings except for the authorized administrators and parties involved.

15.     On that same day, Monday, April 10th, I.F. went to the Weber County Adult Detention center operated and controlled by Weber County and the Weber County Sheriff's office for fingerprinting.

16.     I.F. with is legal guardian, handed I.F. the proper documentation to apprise the Weber County Adult Detention that I.F. was a minor child and that his mother was his legal guardian.

17.     As a result, the Weber County detention center cleared the booking area of all adults before booking I.F. There the booking officer asked if I.F.'s mother was the legal guardian of the minor child of which I.F.'s mother affirmed and handed the booking officer the

information regarding the minor child.

18.     The booking officer had a copy of the order from the judge indicating that two of the three charges were dropped and the other two were resolved.

19.     The following night, on Tuesday, April 11th, 2017, I.F. received a social media message from two different friends with his full name, three adult criminal charges and his picture attached.

20.     The information was found on the local Standard Examiner newspaper on their section of the local website called "Mugshots."

21.     On the front page at the top of the website, standard.net the website has a menu with four main tabs, "Digital Edition," "Obituaries," "Mugshots," "Events," and "Advertise."

22.     The section also had a revolving wheel to click through the pictures and I.F.'s picture was seen with other adult detention individuals that were booked for that day.

23.     The picture also had the stamp which included: "Weber County Sheriff's Office" and below the picture was attached the phrase, "Jailing on: 04/10/17" as well as the phrase, "Booked in Jail" indicating that the individual had been booked into the County Jail and either was in jail or spent time in jail and if they were no longer in jail, that they had been released through a bond amount or that a judge ordered that they were released on their own recognizance.

24.     A statement on the website also states that "Those appearing here have not been convicted of the arrest charge and are presumed innocent" indicating that I.F. still had pending charges against him at that time.

25.     One of the charges on the website also included the phrase after the charge, "by a

minor."

26.     I.F.'s picture was between two other pictures of adult offenders.

27.     Two of the charges that were attached to I.F. had been dropped that day and was no longer facing those charges. Also, the charges for minor children are civil in nature and not criminal charges.

28.     I.F.'s mugshot and charges were also found on the webpage "policearrests.com"

29.     The Weber County Sheriff's Office had implemented a policy with the use of software that disseminates recent bookings with the Weber County Sheriff's Office to various news sources for their use. The implementation of this software and this policy of dissemination of information to new sources which was approved by Weber County and the Sheriff's is what led to the dissemination of this court-protected information without the Juvenile Judge's prior consent of disseminating this information.

30.     The Weber County Sheriff's Office also has a website where they publish recent bookings of individuals into the Adult Detention Center and I.F. was included on that website.

31.     Ms. Fazzio went to chief deputy Burton and informed him of the issue and was told that there was nothing that could be done regarding the situation except take the information down from the website.

32.     The Fazzio's contacted the Standard Examiner about the situation in the early morning on April 11th, 2017. The information stayed up all day as of 4 PM. The picture was taken down as of 10 PM that night but the information remained.

33.     As a result of the posting of the court-sealed juvenile information, I.F. learned though his place of employment that several students at a different high school had his mugshot

and that it was being passed around at school.

34.     At his own High School, many of I.F.'s classmates found out about the mugshot and was subject to teasing, bullying, mocking and heckling at his school which has resulted in I.F.'s strong negative feelings of self-worth. I.F. is currently attending counseling these issues.

35.     Mr. and Mr. Fazzio have also suffered from severe emotional and psychological trauma as a result of what has occurred including loss of motivation, deepening depression, suicidal comments, feelings of hopelessness and helplessness, severe anxiety which includes facing peers for the Fall 2017 school year with fear of future comments and bullying and heckling, desires to drop out of school, anger, frustration, loss of sleep, loss of appetite, loss of enjoyment of life, change of relationship with family members, general fear and frustration, humiliation, loss of trust, vague complaints, stomach problems, stress, feeling degraded, loss of friends due to his "new reputation."

36.     I.F. is now starting counseling due to the worsening depression.

37.     The parents are concerned about his present mental state and have concerns for him having a successful future. I.F. came home from school the day after his information was disseminated and had no desire to go back to school and discussed dropping out of school.

38.     As the legal guardians of the minor child, the parents had made the decision to keep the matter private at school and in the community and trusted that the legal system, rules and regulations would protect their minor child from any dissemination of this private information into the public without their consent or prior court order.

39.     The parents and family have suffered from the relationship with I.F. due to his emotional state with high levels of anger and depression, they have suffered from the same

concerns and frustrations as I.F. This has affected their interaction with other family members with numerous family members who live in the area as well as interactions with individuals in the community. The family has heard that individuals from the community the know have learned about the incident 11 miles away from their home.

40.     I.F.'s younger sibling also has had to endure heckling, stress, comments from peers, questions from peers, anxiety at school and worsening depression.

41.     The family is well-known in the community through their religious affiliations, their affiliations with the local school districts as well as their affiliation with family members and the reputation of Ms. Fazzio's father and mother in the community as well as events that the community is aware of concerning the family.

42.     I.F.'s friends and peers still have his picture through social media and it can be recirculated at anytime.

43.     As a result of what has occurred, Plaintiffs have the following causes of action for legal remedy and recourse for the damages they have incurred:

## CAUSE OF ACTION #1
## (AGAINST WEBER COUNTY AND ITS GOVERNMENTAL OFFICERS AND AGENCIES)

44.     By reference, Plaintiff incorporates all preceding paragraphs of this Complaint as if set forth in full herein.

45.     Pursuant to 42 U.S. Code Section 1983 on depriving I.F. of his rights and privileges:

46.     Weber County and the Weber County Sheriff's office and its administrators acted under color of Utah statutes, rules and regulations as well as county and department regulations

customs and usage for the booking and fingerprinting of individuals.

37.     For having a procedure or policy in place whether through administrative rules or implementation of software and programs that disseminates statutory protected and judicially protected juvenile information into the public domain regarding a juvenile civil proceeding brought against them.

38.     The dissemination of the information violated the rights, privileges and immunities of I.F. secured by the state and federal constitution and laws.

39.     The dissemination of the information violated the rights, privileges and immunities of I.F. secured by the state and federal constitution and laws.

47.     Through violating his right to have his court records held from the public without prior consent of the Juvenile Courts.

48.     Through violating his right to have his court records held from the public without prior consent of I.F.'s legal guardians pursuant to the legal guardians 14th amendment right to the raising and rearing of the minor child without state intervention.

            a.   The action of which deprived Plaintiff's liberty related to these rights.

49.     I.F.'s right to have the Weber County Sheriff's Office publish truthful information in regards to his reputation and any pending charges the county has filed against him.

            a.   The action of which deprived Plaintiff's liberty and property related to these rights.

50.     Through I.F.'s right to have his photograph only disseminated among authorized public entities and state and federal agencies without public access.

51.     His due process rights to have the state bring or declare to bring criminal charges

to the public against I.F. through the constitutional and criminal procedures set forth under Utah and Federal law.

52.    For failing to find probable cause before publishing these charges.

     a.   The action of which deprived I.F.'s liberty.

53.    For violating his right to privacy as a minor child.

54.    For publishing pending criminal charges that had already been resolved and dismissed and for portraying that I.F. had been booked into the Weber County Detention Center and was facing adult criminal charges instead of juvenile civil proceedings.

55.    That the county had no legal policy enacted to curtail the unlawful dissemination of public information even after giving notice to a Chief Deputy of Weber County which resulted in further damages to Plaintiff.

56.    The action of which caused damages to I.F. and his parents.

## **Cause of Action #2**
### **Against all defendants for defamation of character regarding a private individual involving a private affair**

57.    For publishing unprivileged and unlawfully obtained information that was judicially sealed and protected and was not open to the general public without prior consent of the juvenile court regarding the identity of I.F., his countenance and image through photograph and the charges that were used in the Juvenile proceeding on each defendant's website respectfully.

58.    The information of which was false as I.F. at that time had no legal charges pending against him.

     a. He had no legal adult criminal charges pending against him or any charges

pending from the state.

b. He had not been booked into the adult detention center and was only there for fingerprinting as ordered by the court.

c. He had not served time in the Adult Detention Center for the proceedings and he was not out on bail for his charges nor was he released by a judge on his own recognize on these charges.

d.One of the had been dropped prior to the dissemination of the information and the others had been resolved.

e. Despite this, the Defendant's published information indicating that I.F. had been booked for those criminal charges brought by the Weber County Sheriff's Adult Detention Center and that those criminal charges were pending against him.

f. For failing to cite the distinction to the general public that I.F. was a minor child and that he had Juvenile civil proceedings brought against him and not adult criminal proceedings. *(see Utah Code Ann. 78A-6-116 (1) and (2) Minor's cases considered civil proceedings -- Adjudication of jurisdiction by juvenile court not conviction of crime -- Exceptions -- Minor not to be charged with crime -- Exception -- Traffic violation cases -- Abstracts to Department of Public Safety)).*

61.    Which by natural consequence caused actual damages.

62.    Of which defendants should be found strictly liable.

## Cause of Action #3
## Against all defendants for false light

63.    For putting I.F. in a false light in the public eye.

64.    For creating a publicity which placed I.F. in a false light in the public eye

    i.    when he was placed onto the adult booking page, indicating false information that I.F. was arrested and booked into an adult detention center on April 10th.

        1.   *Juveniles cannot be placed in an adult detention center without a prior court order (see Utah Code 78A-6-7-703(12)*

            a.   *"A minor 16 years of age or older whose conduct or condition endangers the safety or welfare of others in the juvenile detention facility may, by court order that specifies the reasons, be detained in another place of confinement considered appropriate by the court, including jail or other place of confinement for adults."*

    ii.   And inferring that at that time, he was processed for new charges brought against him, which instead he had resolved the day before in Juvenile Court. *(As already noted, Juvenile proceedings for state and federal criminal statutory violations are not criminal proceedings, they are civil proceedings (see Utah Code Ann. 78A-6-116 (1) and (2)).*

    iii.   The information of which caused distress and ridicule to I.F. and his family which was not invited.

               1.   The information of which is also false as it infers that I.F. was charged under adult charges either by court order from a judge or as an emancipated minor.

    iv.   and which was highly objectionable to a reasonable person given the

statutory and judicial protections on juvenile information that the courts

and governmental agencies strictly adhere to.

**Cause of Action #4 (Against Weber County and its government agencies)**
**For public disclosure of embarrassing private facts about I.F.**

65.    Public disclosure of Embarrassing Private Facts about I.F.

    a.    For disclosing embarrassing private facts not available to the public or a matter of

public concern given the statutory and judicial protections,

        i.    information of which concerned I.F and

        ii.    after being notified by I.F.'s parents about the circumstances and

            thereafter leaving the information on their webpage,

        iii.    for unlawfully obtaining the information without a court order (See Utah

            Code 78-6-2-209(3))

        iv.    for unlawfully obtaining and using the photograph of I.F. as they are not

            permitted to do so through statute *(see Utah Code*

            *78A-6-1104(8)(a)(i)(ii)(iii)*

                1.    *"Photographs taken under this section may be distributed or*

                    *disbursed to the following individuals or agencies: i. state and*

                    *local law enforcement agencies; ii. the judiciary;iii. and the*

                    *Division of Juvenile Justice Services.".*

    b.    And the information of which is highly objectionable to a reasonable person given

the purpose of the juvenile system and its protections.

**Cause of Action #4 (Against all Defendants)**
**For Intentional Infliction of Emotional Distress**

66.      In that Weber County and its affiliated agencies enacted software, policy and procedures that allowed a minor child and their legal juvenile proceedings be published to the public without prior court consent.

67.      In that the actions of Weber County and their affiliates were done knowingly or with reckless disregard and had a likelihood of causing emotional harm to Plaintiffs for unlawfully disseminating public information of minor children to the general public without the prior court's consent.

      a.    In that Weber County knowingly or with reckless disregard failed to have a policy or procedure that could rectify or remedy the situation.

68.      In that Sandusky Newspaper and its affiliates and Policerecords.com and its affiliates acted with reckless disregard when they posted protected juvenile information on their websites without prior authorization through the juvenile courts with charges that included, "by a minor child." and that Sandusky Newspaper is vicariously liable for the actions of The Standard Examiner through acting under the purposes of Sandusky Newspaper.

69.      And that Defendant's conduct proximately caused the emotional distress to Plaintiffs who were damaged thereby.

**Cause of Action #5 (Against Weber County and its Governmental Officers and Affiliated agencies)**
**Breach of Fiduciary Duty**

70.      In that Weber County and its affiliates had a fiduciary duty relationship between I.F. and the privacy of his court information and personal identification, given I.F.'s age, and his inability to follow the Juvenile Court orders without Weber County to be fingerprinted and also implication through law given the public relationship of this agency.

71.     That the duty was breached with the dissemination of this private court and personal identification information.

72.     That Weber County and its affiliates were the actual and proximate cause of the dissemination of the information unlawfully through posting the information on their website and to the media.

73.     And that Plaintiffs were damaged thereby

## DAMAGES

74.     As a result of the above-mentioned causes of action, Plaintiffs have sustained damages including, but not limited to the following:

a)  General damages for I.F. and his parents in a reasonable sum;

b)  General damages for the reputation loss of the minor child within the community and the family past and future;

c)  General damages for the loss of self worth, ridicule, humiliation, depression anxiety suffered past and future;

d)  Special damages for all of Plaintiff's injuries and harms;

e)  Special damages for the pain and suffering, humiliation, anxiety, depression, loss of self worth, anxiety suffered past and future;

f)  Consequential and out-of-pocket expenses incurred as a result of what has occurred;

g)  Pre- and post-judgment interest, to the extent allowed by law; and

h)  Cost, expenses, and attorneys' fees to the extent allowed by law.

75.     The negligence and carelessness of the Defendants was so grossly negligent and

culpable in nature that such acts and omissions constituted recklessness and wantonness in complete disregard for the lives, safety and privacy of others and, specifically, in complete disregard for the life, privacy of I.F, and his parents.

76.    Defendants recklessly disregarded facts and circumstances which created an unreasonable risk of harm to Plaintiff, and deliberately proceeded to act in conscious disregard of, or indifference to, the risk, or recklessly proceeded in an unreasonable disregard of or indifference to the risk.

77.    As a result of the negligence and gross negligence and reckless, willful, and wanton conduct of the Defendants, the Plaintiffs are entitled to recover exemplary and punitive damages.

78.    Punitive and exemplary damages are warranted in this action as a punishment of the Defendants for reckless and wanton acts and as a deterrent to the Defendant and others for committing the same or similar actions which endanger the general safety of the public.

79.    As a direct and proximate result of the acts and omissions of Defendant as alleged herein including, but not limited to Defendant's negligence, gross negligence, reckless, willful and wanton conduct, the Plaintiff is entitled to recover actual, exemplary and punitive damages and that Sandusky Newspaper is vicariously liable for the actions of The Standard Examiner through acting under the purposes of Sandusky Newspaper.

## JURY DEMAND

80.    Plaintiff hereby requests trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants in the following manner:

a)  General damages for defamation of character;

b)  General damages under U.S. 42 Section 1983.

c)  General damages for false light;

d)  General damages for breach of fiduciary duty;

e)  General damages for intentional infliction of emotional distress;

f)  Special damages for all of  Plaintiff's injuries and harms and causes of actions arising under that harm;

g)  Pre- and post-judgment interest, to the extent allowed by law;

h)  Cost, expenses, and attorneys' fees to the extent allowed by law;

i)  Consequential damages and out-of-pocket expenses

j)  Exemplary damages and or punitive damages to be determined by the jury.

    a.  Plaintiff requests $1.31 million related to I.F.'s reputation in his future career and education prospects calculated to the age of retirement.

    b.  $8.12 million related to I.F's reputation in the community and among peers and family members calculated with the average life expectancy of a male in the United States.

    c.  $600,000 related to I.F.'s past pain and suffering.

    d.  $1.8 million related to I.F's future pain and suffering calculated with the average life expectancy of a male in the United States.

    e.  $550,000 related to the reputation suffered from the parents calculated with their average life expectancy of the parents in the community.

    f.  $150,000 for past pain and suffering and $350,000 for future pain and

suffering of the parents for harm suffered calculated for the average life expectancy.

g.  Plaintiffs request that punitive damages be at least three times the amount of the actual damages suffered as described in the above paragraphs to deter defendants from causing any future harm to individuals and minor children such as I.F. as well as his parents as well as a penalty fee against defendants for the harm caused to I.F. and his parents in this instance case or greater dependent on the income and defendant's ability to pay.

DATED this 15th day of August, 2017.

/s/ Brian K. Jackson
Brian K. Jackson
Brian K. Jackson, LLC
*Attorney for Plaintiffs*