Ronald D. Green (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
4035 S. El Capitan Way
Las Vegas, Nevada 89147
Telephone: (702) 420-2001
ecf@randazza.com

W. Andrew McCullough (2170)
6885 S State Street, Suite 200
Midvale, Utah 84047
Telephone: (801) 565-0894
Facsimile:  (801) 565-1099
wandrew48@ymail.com

*Attorneys for Defendant*
*Accucom Corporation*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, NORTHERN DIVISION**

| | |
|---|---|
| IN RE INTEREST OF I.F., a minor child; SHERRIE and MICHAEL FAZZIO;<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>THE STANDARD EXAMINER; SANDUSKY NEWSPAPER, INC.; WEBER COUNTY; ACUCOM CORPORATION, a/k/a RECORDS FINDER,<br><br>　　　　Defendants. | **DEFENDANT ACCUCOM CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT**<br><br>Case No.: 1:17-cv-132-RJS-DBP<br><br>Honorable Robert J. Shelby |

Defendant Accucom Corporation ("Defendant" or "Accucom"), by and through undersigned counsel, hereby responds to Plaintiffs' Amdended [sic] Complaint (Dkt. No. 19) ("Amended Complaint"), paragraph by paragraph, as follows:

**PARTIES, JURISDICTION, VENUE[1]**

1. Defendant denies that "I.F." is under the age of 16 years.[2]  Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph. [3]

2. Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

3. Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

4. Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

5. Defendant denies that its name is "Acucom Corporation"; the correct name is "Accucom Corporation". Defendant denies that "Records Finder" is an agency or entity. Defendant denies that it hosts the website "Policearrests.com"; the website is published by Defendant, but hosted on third-party servers. Defendant admits the remaining allegations of this paragraph.

6. This paragraph is a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

7. This paragraph is a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

---

[1] For ease of reference, Defendant repeats Plaintiffs' section headers without admission of the truth of same.

[2] According to the Weber County Sheriff's Office, "I.F." is an adult. See <http://www3.co.weber.ut.us/sheriff/off_search/roster_details.php?pcp=321506>.

[3] To the extent this Court requires a defendant to admit or deny allegations despite a lack of information, such allegations in this paragraph and all other allegations in any other paragraph where Defendant indicated a lack of sufficient information are denied. Defendant generally denies any allegation not otherwise specifically addressed.

8. This paragraph is a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

## GENERAL ALLEGATIONS

9. Defendant admits that an individual with the initials "I.F." was charged with unlawful conduct in Weber County. Defendant lacks sufficient information to admit or deny the remaining allegations of this paragraph.

10. Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

11. Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

12. This paragraph is a legal conclusion to which no response is required. To the extent a response is required, Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

13. Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

14. Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

15. Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

16. Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

17. Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

18. Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

19. Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

- 4 -

20. Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

21. Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

22. Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

23. Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

24. Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

25. Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

26. Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

27. Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

28. Defendant admits that an individual with the initials "I.F." had his mugshot and charges on a webpage on the website at the domain "policearrests.com". Defendant lacks sufficient information to admit or deny the remaining allegations of this paragraph.

29. Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

30. Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

31. Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

32. Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

33. Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

34. Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

35. Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

36. Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

37. Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

38. Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

39. Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

40. Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

41. Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

42. Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

43. This paragraph is a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.

## CAUSE OF ACTION #1

44–56. This Cause of Action is not alleged as against Defendant and, therefore, no response is required.  To the extent a response is required, Defendant lacks sufficient information to admit or deny the allegations of those paragraphs.

## CAUSE OF ACTION #2

57. This paragraph is incomprehensible as it is a partial sentence. This paragraph is a legal conclusion to which no response is required. To the extent a response is required, Defendant otherwise admits that an individual with the initials "I.F." had a photograph believed to be of him along with charges filed against I.F. published on Defendant's website. Defendant lacks sufficient information to admit or deny the remaining allegations of this paragraph.

58. Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

   a. Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

   b. Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

   c. Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

   d. Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

   e. Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

   f. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

59. There is no paragraph 59 in the Amended Complaint.

60. There is no paragraph 60 in the Amended Complaint.

61. This paragraph is incomprehensible as it is a partial sentence. This paragraph is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph.

62.     This paragraph is incomprehensible as it is a partial sentence.  This paragraph is a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations of this paragraph.

### CAUSE OF ACTION #3

63.     This paragraph is incomprehensible as it is a partial sentence.  This paragraph is a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations of this paragraph.

64.     This paragraph is incomprehensible as it is a partial sentence.  This paragraph is a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations of this paragraph.

  i.    This paragraph is incomprehensible as it is a partial sentence.  This paragraph is a legal conclusion to which no response is required.  To the extent a response is required, Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

  ii.   This paragraph is incomprehensible as it is a partial sentence.  This paragraph is a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies "inferring" anything about "I.F." and lacks sufficient information to admit or deny the remaining allegations of this paragraph.

  iii.  Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

  1.    This paragraph is a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies "inferring" anything about "I.F." and lacks sufficient information to admit or deny the remaining allegations of this paragraph.

  iv.  This paragraph is incomprehensible as it is a partial sentence. This paragraph is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph.

## CAUSE OF ACTION #4 [FIRST][4]

65. This Cause of Action is not alleged as against Defendant and, therefore, no response is required. To the extent a response is required, Defendant lacks sufficient information to admit or deny the allegations of those paragraphs.

## CAUSE OF ACTION #4 [SECOND]

66. Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

67. Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

  a.  Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

68. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies that it or its affiliates acted with reckless disregard in posting information provided by the Weber County Sheriff's Office. Defendant lacks sufficient information to admit or deny the remaining allegations of this paragraph.

69. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

## CAUSE OF ACTION #5

70. – 73. This Cause of Action is not alleged as against Defendant and, therefore, no response is required. To the extent a response is required, Defendant lacks sufficient information to admit or deny the allegations of those paragraphs.

---

[4] The Amended Complaint contains two causes of action bearing the number "4". For ease of reference, they are referred to as Cause of Action #4 [First] and Cause of Action #4 [Second].

## DAMAGES

74. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

75. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied

76. Denied.

77. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

78. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

79. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## PLAINTIFFS' JURY DEMAND

80. No response is required.

## PLAINTIFF'S PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the relief it requests in its Prayer for Relief.

## DEFENDANTS' AFFIRMATIVE DEFENSES

Subject to the responses above, and without assuming any burden other than that imposed by operation of law, Defendants allege and assert the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, whether or not designated as such herein. Defendants reserve the right to assert additional defenses that become known through the course of discovery or otherwise.

### First Affirmative Defense
### Truth

1. Paragraph 28 of the Amended Complaint admits to the truth of the Defendant's alleged publication.

2. Although the burden of proof for falsity is upon Plaintiffs, as applied to Plaintiffs' claims for defamation, false light, and intentional infliction of emotional distress, Defendant avers that all factual statements allegedly made by Defendant complained of by Plaintiffs are true.

3. Any complained-of statements allegedly made by Defendant that may happen to lack 100% factual veracity are substantially true, and thus are treated as true as a matter of law.

4. As truth is an absolute defense to defamation and false light claims, Defendant cannot be liable for these claims.

<strong>Second Affirmative Defense<br>Substantial Truth</strong>

1. Any statements made by Defendant complained of by Plaintiffs that are not literally true are substantially true, in that the "gist" or "sting" of the statements is true.

2. As substantial truth is a defense to claims for defamation and false light, Defendant cannot be liable for these claims.

<strong>Third Affirmative Defense<br>Fair Report Privilege, Utah Code § 45-2-3(4)</strong>

1. Defendant's alleged publication was a report on a judicial proceeding and charges.

2. Defendant fairly and truly reported on the charges set forth by the Weber County Sheriff's office.

3. Defendant's report was without actual malice under Utah law, being without ill-will, without excess in publishing, and with reasonable belief it was a true report of the proceedings against "I.F."

4. Therefore, Defendant's alleged publication of the webpage was privileged under Utah Code § 45-2-3(4).

<strong>Fourth Affirmative Defense<br>Qualified Privilege</strong>

1. Upon information and belief, Plaintiff I.F. was charged with unlawful conduct.

2. All allegedly actionable statements were subject to qualified privilege, as they were directed to parties having a common interest in the subject matter of the statements.

3. All allegedly actionable statements were subject to qualified privilege, as they were made in the course of a justifiable exercise of a moral obligation, free of improper motive or malice.

4. All allegedly actionable statements were subject to qualified privilege, as they were fair comment and criticism on the alleged unlawful conduct of Plaintiff I.F., a matter of significant public and social interest.

### Fifth Affirmative Defense
### Lack of Personal Jurisdiction

1. Defendant is a Massachusetts entity without a presence in Utah.

2. Defendant has not purposefully directed its activities at residents of Utah.

3. Defendant lacks systematic and continuous contacts with Utah.

4. Exercise of jurisdiction over Defendant is unreasonable and offends traditional notions of fair play and substantial justice.

5. Therefore, this Court lacks personal jurisdiction over Defendant.

### Sixth Affirmative Defense
### Improper Venue

1. Defendant did not intentionally reach into Utah

2. A substantial part of the events occurred outside of Utah.

3. Therefore, this action should be dismissed for improper venue.

### Seventh Affirmative Defense
### Failure to State a Claim

1. Plaintiffs have failed to sufficiently plead the elements of a cause of action for any cause of action as to Defendant.

### **PRAYER FOR RELIEF**

WHEREFORE, Defendant asks the Court for judgment as follows:

A. That judgment be rendered in favor of Defendant with respect to all counts and causes of action set forth in Plaintiffs' Amended Complaint.

B. That Plaintiffs' Amended Complaint be dismissed in its entirety with prejudice.

C. That Plaintiffs take nothing by way of their Amended Complaint.

D. That Defendant be awarded their attorneys' fees and costs of suit in defense of this action.

E. For such other and further relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Defendant demands a jury trial on all claims and defenses which are triable to a jury in this action.

DATED this 31st day of January 2018.

Respectfully submitted,

/s/ Ronald D. Green

Ronald D. Green (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
4035 S. El Capitan Way
Las Vegas, Nevada 89147

W. Andrew McCullough (2170)
6885 S State Street, Suite 200
Midvale, Utah 84047

*Attorneys for Defendant
Accucom Corporation*

Case No. 1:17-cv-132-RJS-DBP

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 31, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy of the foregoing document being served via transmission of Notices of Electronic Filing generated by CM/ECF.

                        Respectfully submitted,

                        /s/ *signature*

                        Employee,
                        Randazza Legal Group, PLLC

RANDAZZA | LEGAL GROUP