# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| IN RE INTEREST OF I.F., a minor child; SHERRIE FAZZIO and MICHAEL FAZZIO,<br><br>                Plaintiffs,<br><br>v.<br><br>THE STANDARD EXAMINER, SANDUSKY NEWSPAPER INC., WEBER COUNTY, and ACUCOM CORPORATION, a/k/a RECORDS FINDER,<br><br>                Defendants. | **ORDER DENYING ACCUCOM'S MOTION FOR SANCTIONS**<br><br>Case No. 1:17-cv-00132<br><br>Judge Robert J. Shelby |

Plaintiffs I.F. and his parents Sherrie and Michael Fazzio (collectively, the Fazzios) sued, among others, Accucom Corporation a/k/a Records Finder, alleging defamation, false light, and intentional infliction of emotional distress. Accucom filed a Motion for Sanctions,[1] arguing the Fazzios' claims are frivolous and unwarranted by law.

## BACKGROUND

I.F. was charged through the Weber County Juvenile Center with possession of a dangerous weapon by a minor, theft, and charges involving a controlled substance. Despite the fact that I.F. was a minor, the Weber County Sheriff's Office released I.F.'s mugshot and charging information as if he were an adult. Accucom, which publishes official reports of arrests provided by law enforcement, published I.F.'s mugshot and charging information on its website, http://policearrests.com. The Fazzios sued Accucom, claiming it is liable for defamation, false

---

[1] Dkt. 40.

light, and intentional infliction of emotional distress for publishing a juvenile's information on its website.

Accucom served a Motion for Sanctions on the Fazzios, stating that it believed the claims against Accucom were frivolous and not warranted by existing law. In accordance with Rule 11(c)(2) of the Federal Rules of Civil Procedure, Accucom waited twenty-one days in order to give the Fazzios a chance to cure the alleged defects. The Fazzios did not withdraw their claims, so Accucom filed the Motion for Sanctions with the court.

## LEGAL STANDARD

Rule 11 requires an attorney to certify that, to the best of his knowledge, "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."[2] When determining whether an attorney has violated Rule 11 and sanctions are appropriate, the court applies an objective standard and looks to "whether a reasonable and competent attorney would believe in the merit of an argument."[3]

## ANALYSIS

Rule 11 "sets a threshold for the factual and legal assertions of a complaint" and aims to deter baseless filings, but "it is not a broad mechanism for testing the sufficiency of a plaintiff's claims."[4] A Rule 11 motion is not the appropriate vehicle "to raise issues as to the legal sufficiency of a claim or defense that more appropriately can be disposed of by a motion to

---

[2] Fed. R. Civ. P. 11(b)(2).

[3] *Dodd Ins. Servs., Inc. v. Royal Ins. Co. of Am.*, 935 F.2d 1152, 1155 (10th Cir. 1991).

[4] *DeMarco v. LaPay*, No. 2:09-CV-190-TS, 2011 WL 320912, at *2 (D. Utah Feb. 1, 2011).

dismiss, a motion for judgment on the pleadings, a motion for summary judgment, or a trial on the merits."[5]

Examples of frivolous or legally unwarranted arguments include cases where a party has "obviously failed to heed [the judge's] previous warning" that the argument lacked merit[6] or presented arguments that are "in contravention of [a] well-established rule" and directly contrary to the court's prior ruling.[7] In contrast, courts have generally held that sanctions are not appropriate simply because one party believes it is certain to prevail on the merits.[8] "[W]hile a plaintiff's allegations may fall short of stating a valid claim for relief, this fact alone does not warrant the relief contemplated by Rule 11."[9]

In this case, the Motion for Sanctions is based on Accucom's belief that it will prevail on the merits. Accucom first argues that the claims by I.F.'s parents have no relation to Accucom's actions. Accucom also contends the defamation claim lacks a factual and legal basis for two elements of the claim: (1) whether Accucom acted with the requisite degree of fault, and (2) whether the statements were subject to privilege. As to the false light claim, Accucom argues the claim is not warranted by existing law because (1) there was insufficient publication, (2) Accucom did not act with the requisite degree of fault, and (3) the First Amendment protects

---

[5] *Id.* (quoting 5A Fed. Prac. & Proc. § 1336.3 (3d ed. 2009)).

[6] *West v. Peterson*, No. Civ. 92-C-577B, 1993 WL 145771, at *2 (D. Utah Jan. 5, 1993), *aff'd sub nom. West v. C.I.R.*, 9 F.3d 119 (10th Cir. 1993).

[7] *United Pac. Ins. Co. v. Durbano Const. Co.*, 144 F.R.D. 402, 408–09 (D. Utah 1992).

[8] *Nikols v. Chesnoff*, No. 2:10-CV-4 TS, 2011 WL 5508834, at *4 (D. Utah Nov. 9, 2011) (holding that claims were reasonably brought even though they were clearly barred by res judicata and collateral estoppel); *McHenry v. Utah Valley Hosp.*, 724 F. Supp. 835, 840 (D. Utah 1989), *aff'd,* 927 F.2d 1125 (10th Cir. 1991) ("[T]he court determines that although it considers McHenry's arguments unpersuasive, it does not believe they are sufficiently unreasonable to warrant sanctions.").

[9] *Burkhart Through Meeks v. Kinsley Bank*, 852 F.2d 512, 514 (10th Cir. 1988) (alteration in original) (citation omitted).

Accucom's activity. Finally, Accucom argues the intentional infliction of emotional distress claim is unwarranted by existing law because (1) Accucom's behavior was not outrageous and intolerable, (2) Accucom was not negligent, and (3) a privilege applies.

All of Accucom's arguments are directed to the merits of the Fazzios' claims. The Fazzios cite factual and legal authority for their claims and have not made arguments in direct contrast to a previous ruling. Regardless of whether Accucom will ultimately prevail on the merits, the court concludes the Fazzios' claims are not so unreasonable that sanctions are appropriate. The Motion for Sanctions[10] is DENIED.

**SO ORDERED** this 6th day of April, 2018.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge

---

[10] Dkt. 40.