Ronald D. Green (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
4035 S. El Capitan Way
Las Vegas, Nevada 89147
Telephone: (702) 420-2001
ecf@randazza.com

W. Andrew McCullough (2170)
6885 S State Street, Suite 200
Midvale, Utah 84047
Telephone: (801) 565-0894
Facsimile: (801) 565-1099
wandrew48@ymail.com

*Attorneys for Defendant*
*Accucom Corporation*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| IN RE INTEREST OF I.F., a minor child; SHERRIE and MICHAEL FAZZIO;<br><br>    Plaintiffs,<br><br>  v.<br><br>THE STANDARD EXAMINER; SANDUSKY NEWSPAPER, INC.; WEBER COUNTY; ACUCOM CORPORATION, a/k/a RECORDS FINDER,<br><br>    Defendants. | **DEFENDANT ACCUCOM CORPORATION'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(C)**<br><br><br>Case No.: 1:17-cv-132-RJS-DBP<br><br>Honorable Robert J. Shelby |

RANDAZZA | LEGAL GROUP

**RELIEF SOUGHT**

Defendant Accucom Corporation ("Defendant" or "Accucom") d/b/a Records Finder[1] respectfully requests this Honorable Court award a judgment of dismissal to Defendant pursuant to Fed. R. Civ. P. 12(c).  Plaintiffs' claims are not warranted by law.

**RELEVANT FACTS**

In their Amended Complaint (Dkt. No. 19), Plaintiffs Sherrie and Michael Fazzio, and their allegedly minor child, I.F.,[2] alleged claims of defamation, false light, and intentional infliction of emotional distress against Defendant Accucom Corporation.

As alleged, Accucom publishes a website at <http://policearrests.com>.  *See* Dkt. No. 19, ¶5.  Defendant publishes official reports of arrests provided by law enforcement authorities, stating:

> The information presented on the Site is sourced from records made freely and publicly available by state and local offices, agencies, or departments.  PoliceArrests does not warrant or guarantee that the information presented is current or accurate, and you therefore should not use the Site to verify any individual's arrest, booking, or criminal records.  For the most recent information regarding any record presented on the Site, contact the relevant state or local office, agency, or department.  ALL INDIVIDUALS APPEARING ON THE SITE ARE INNOCENT UNTIL PROVEN GUILTY IN A COURT OF LAW.

*See* Dkt. No. 40-1.[3]

On or about February 21, 2017, I.F. was charged with violating the law, though the allegations were ultimately resolved in I.F.'s favor.  *See id.* at ¶¶9-10.  Plaintiffs allege that I.F.'s mugshot and charges appeared on <http://policearrests.com>.  *See id.* at ¶28.  Plaintiffs claim the

---

[1]   Plaintiffs misspell Defendant's name as "Acucom".

[2]   According to the Weber County Sheriff's Office, "I.F." is an adult. *See* Dkt. No. 40-2, Weber County Sheriff's Office, "Offender Search Inmate Details", <http://www3.co.weber.ut.us/sheriff/off_search/roster_details.php?pcp=321506> (last accessed Jan. 31, 2018).  For purposes of this motion, Defendant will assume I.F. is a minor.

[3]   The contents of Defendant's website is referred to in the Amended Complaint and there does not appear to be any dispute as to the authenticity of this document.  Thus, it may be considered in a Rule 12 motion.  *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

- 1 -

Defendants published information that I.F. was booked for certain adult criminal charges that were then-pending, though they assert they were juvenile proceedings, with at least one charge already resolved at the time of publication. *See id*. at ¶60. Plaintiffs allege that Accucom acted with reckless disregard in posting "protected juvenile information on [its] website[] without prior authorization through the juvenile courts." *See id*. at ¶68. Such allegations are based on the Weber County Sheriff's Office having disseminated the information about I.F. that was allegedly published by Accucom. *See id*. at ¶¶29-30 & Dkt. No. 40-2.[4]

## SUPPORTING AUTHORITY

In considering a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c), courts in this Circuit apply "same standard when evaluating 12(b)(6) and 12(c) motions." *Brown v. Montoya*, 662 F.3d 1152, 1160 n.4 (10th Cir. 2011) (citation omitted) (internal quotation marks omitted). Thus, "the court assumes the truth of all well-pleaded allegations and provides the nonmovant the benefit of any reasonable inferences from the pleadings." *Roberts v. C.R. England, Inc.*, 318 F.R.D. 457, 483 (D. Utah 2017). Judgment on the pleadings may be granted when the moving party has "clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Adams v. Jones*, 577 F. App'x 778, 782 (10th Cir. 2014) (quoting *Park Univ. Enters., Inc. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006)). Here, there are no material issues of fact to be resolved that would preclude entry of judgment for Defendant.

## ARGUMENT

None of Plaintiffs' claims are cognizable under law.[5] Moreover, the alleged publication was privileged. Although this Court has determined that Plaintiffs' Amended Complaint did not

---

[4]   As with Defendant's website, the Sheriff's website is central to Plaintiffs' claim and the contents are not disputed. Thus, under *Jacobsen, supra,* they may be considered.

[5]   To the extent applicable, Defendant hereby incorporates by reference the motion to dismiss filed by The Standard Examiner and Sandusky Newspaper, Inc. (Dkt. No. 24). "A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion." Fed. R. Civ. P. 10(c). There is no reason for Defendant to regurgitate arguments the Court is already considering, other than to impose unnecessary costs.

meet the threshold for an award of sanctions under Fed. R. Civ. P. 11(c), finding that the claims were "not so unreasonable that sanctions are appropriate", the Court held open the possibility of pretrial disposition of the claims. Dkt. No. 45. Such disposition should be had under Rule 12(c).

**1.0     Plaintiffs Cannot Prevail on their Defamation Claim**

Under Utah law, to establish a claim for defamation, "the plaintiff must demonstrate that (1) the defendant published the statements [concerning the plaintiff]; (2) the statements were false; (3) the statements were not subject to privilege; (4) the statements were published with the requisite degree of fault; and (5) the statements resulted in damages." *DeBry v. Godbe*, 1999 UT 111, 992 P.2d 979, 982 (Utah 1999). In Utah, "false and defamatory statements are not actionable if they are protected by a legal privilege." *Id*. at 983.

First, Defendant is not alleged to have published any statements concerning Sherrie or Michael Fazzio, let alone false ones. Thus, the first prong cannot be met as to those plaintiffs.

Second, Defendant did not publish any false statement about I.F. with the requisite degree of fault, as balanced against Defendant's First Amendment rights. "[T]he necessary degree of fault which must be shown in a defamation action by a 'private individual' against the media is negligence." *See Seegmiller v. KSL, Inc.*, 626 P.2d 968, 973 (Utah 1981). Surprisingly, Plaintiffs do not even claim negligence, rather they wrongly claim strict liability. Dkt. No. 19 at ¶62. There is no duty for Defendant to comb through every casefile upon which it reports, to winnow out facts the arrestee disputes. Having verification and review procedures does not impose a duty to comb through every judicial file. *See West v. Thomson Newspapers*, 872 P.2d 999, 1014 (Utah Sup.Ct. 1994) (discussing verification and review procedures). Defendant did not merely hear a rumor about I.F. and publish it—it verified and reviewed his purported arrest from a reliable source: the sheriff. Defendant could not be negligent for republishing what the Weber County Sheriff's Office provided. Thus, the fourth prong has not been met.

Third, Defendant's report was privileged under Utah Code §45-2-3(4), the fair report privilege. Qualifying statements "must be a report of a judicial, legislative, or other public official proceeding or of anything said in the course thereof or of a charge or complaint upon which a

warrant shall have been issued or an arrest made; it must be a fair and true report of the proceeding or charge; and it must be made without malice." *Russell v. Thomson Newspapers*, 842 P.2d 896, 900 (Utah Sup.Ct. 1992). As that case shows, the fair report privilege immunizes journalists and other media for reporting statements *by* public officials.[6] Defendant reported on a judicial proceeding. Defendant fairly and truly reported on the charges set forth by the Sheriff's office,[7] without editorializing. The actual malice standard in Utah is a high barrier: it is "an absolute privilege for a defendant's statements unless the statements were made with ill will, were excessively published, or the defendant did not reasonably believe his or her statements were true." *Id.* at 905. There was no ill-will in the automated publishing, there was no excess in the publishing, and Defendant reasonably believed the Sheriff's report was a true report of the proceedings against I.F. Thus, the privilege applies and dismissal is appropriate.

## 2.0    Plaintiffs Cannot Prevail on their False Light Claim

Recasting the defamation claim as a false light claim fares no better. "A false light claim is closely allied with an action for defamation and the same considerations apply to each." *Stien v. Marriott Ownership Resorts, Inc.*, 944 P.2d 374, 380 (Utah Ct. App. 1997) (internal quotation marks omitted). In Utah, "[a] prima facie case for false light requires a plaintiff to demonstrate that (1) the defendant publicized a matter concerning the plaintiff that placed the plaintiff before the public in a false light, (2) the false light in which the plaintiff was placed would be highly offensive to a reasonable person, and (3) the defendant knew or recklessly disregarded the falsity of the publicized matter and the false light in which the plaintiff was placed." *Jacob v. Bezzant*,

---

[6]    Plaintiffs have previously indicated a misunderstanding of the privilege. Dkt. No. 43 at 9-10. It does not protect the public officials themselves. Plaintiffs also misrepresent *Russell*'s statements about the related common-law fair comment privilege as applying to the statutory fair report privilege. Dkt. No. 43 at 10. The entire purpose of the statutory fair report privilege is to protect reporting of false statements of fact where it is a fair and true report of official proceedings.

[7]    Plaintiffs do not specifically set forth any explicitly false statement appearing on Defendant's website. I.F. was charged with unlawful conduct. "Minor inaccuracies do not amount to falsity so long as the substance, the gist, the sting of the defamatory charge can be justified." *Schwartz v. Am. Coll. of Emergency Physicians*, 215 F.3d 1140, 1146 (10th Cir. 2000) (internal quotation marks omitted).

2009 UT 37, 212 P.3d 535, 544 (Utah 2009).   However, "a false light claim predicated on publication of a defamatory statement is subject to First Amendment protections" and thus "requires a showing of negligence in the publication of the statements."  *Russell, supra* at 907.

First, as with defamation, Defendant publicized nothing concerning I.F.'s parents, false or otherwise.  Thus, the first prong is lacking as to those plaintiffs.

Second, for a "publication" to be effective, the statements must be "distributed to a large number of persons, or any broadcast over the radio, or a statement made in address to a large audience."  *Watkins v. Gen. Refractories Co.*, 805 F. Supp. 911, 918 (D. Utah 1992).   Merely because part of the internet is colloquially called "the world-wide web" does not mean everything on every website has a global audience.  If it did, Plaintiffs' counsel would have to register his website as attorney advertising in all fifty states.  But this misleading nomenclature fails to show Defendant actually distributed to a large audience.  As has been recognized, "some web sites are rarely viewed or read by anyone other than the person who maintains the site."  *Yath v. Fairview Clinics, N. P.*, 767 N.W.2d 34, 52 (Minn. Ct. App. 2009) (Johnson, J., concurring).   In fact, Plaintiffs do not claim publicity by Defendant, only in the Sandusky Examiner.  *See* Dkt. No. 19 at ¶¶19-20.  Absent allegation of publicity, the first prong cannot be met.

Third, Defendant was not negligent.[8]  Merely publishing the information is insufficient to make out a false light claim, even if that information happens to be false.  There must still be a negligent act.  Simply republishing government data cannot be negligence.  In fact, it is a textbook example of what the press is privileged to do.  Moreover, Defendant warns that the information provided by law enforcement could be inaccurate.  Thus, as a matter of law, plaintiffs cannot meet the requisite showing of fault.

Fourth, I.F. actually was charged with violating the law.   Plaintiffs take issue with the incremental difference between "adult criminal" and "juvenile civil" proceedings.  As the First Amendment protects the media, per *Russell, supra,* the issue is whether the incremental change is

---

[8]   For the same reasons given in *Russell, supra,* regarding emotional distress claims, the fair report privilege could be found to apply to false light claims as well.

highly offensive.  No reasonable person would think it was or would view a juvenile delinquent more charitably than an adult offender in setting forth the incremental difference.  There is no factual difference between a minor and an adult charged with the same crimes; the only difference is how the state will treat the defendant.  As a result, Plaintiffs fail to meet the second prong.

Nor is it offensive to not provide a follow-up as to the dispensation of the charges; there is no obligation for a media entity to publish a follow-up.  *See Miami Herald Pub. Co., Div. of Knight Newspapers, Inc. v. Tornillo*, 418 U.S. 241, 256-57 (1974) (prohibiting compelling the press to publish replies).  It offends the First Amendment to dictate that the press must report additional information.[9]  *See Hurley v. Irish-American Gay*, 515 U.S. 557, 573 (1995) ("the general rule, that the speaker has the right to tailor the speech, applies … equally to statements of fact the speaker would rather avoid").  Thus, as Plaintiffs hav no meritorious basis to pursue the false light claim, such claim must be dismissed.

### 3.0   Plaintiffs Cannot Prevail on their Emotional Distress Claim

Plaintiffs claim of intentional infliction of emotional distress also must be dismissed.  To state a claim, a plaintiff must show that the defendant:

> intentionally engaged in some conduct toward the plaintiff, (a) with the purpose of inflicting emotional distress, or, (b) where any reasonable person would have known that such would result; and his actions are of such a nature as to be considered outrageous and intolerable in that they offend against the generally accepted standards of decency and morality.

*Jackson v. Brown*, 904 P.2d 685, 687-88 (Utah 1995).  There is no proper basis to suggest the claim is founded on Defendant allegedly having a purpose to inflict emotional distress on Plaintiffs.  Thus, at most, Plaintiffs would have to have properly alleged actionable outrageous and intolerable conduct.  They have not.

"Outrageous and intolerable" conduct is conduct that offends generally accepted standards of decency and morality or, in other words, conduct that is so extreme as to exceed all bounds of

---

[9]   Plaintiffs previously wrongly asserted that false light "does not implicate the first amendment."  Dkt. No. 43 at 11.  *Russell*, *supra* at 907, explicitly states that "a false light claim predicated on publication of a defamatory statement is subject to First Amendment protections".

what is usually tolerated in a civilized community.  *See Samms v. Eccles*, 11 Utah 2d 289, 293, 358 P.2d 344, 346-47 (Sup.Ct. 1961) Conduct that is merely unreasonable, unkind, or unfair does not qualify.  *See Franco v. Church of Jesus Christ of Latter-Day St.s*, 2001 UT 25, ¶28, 21 P.3d 198, 207 (Sup.Ct.).  Here, Defendant is alleged to have published an official account of charges as provided by the Sheriff.  That is neither indecent nor immoral.  Arrest reports are commonplace in our society.  Defendant publishes reports of arrests.  It is not required to publish the disposition of the charges.  Plaintiffs fail to assert how it offends decency or morality merely to publish the arrest information provided by the sheriff.  It may be unfair that the Sheriff provided the wrong information, but the press covering the official statements from law enforcement is proper in a society with a free press.[10]

Further, "where a private figure plaintiff brings suit against a media defendant, alleged defamatory words do not give rise to a cause of action for emotional distress absent a showing of negligence as to the falsity of the statement published."  *Russell v. Thomson Newspapers*, 842 P.2d 896, 906 (Utah Sup.Ct. 1992) (accounting for First Amendment protections).  As discussed above, Defendant was not negligent for merely republishing information provided by law enforcement. The Amended Complaint fails to set forth any factual basis warranting a finding of negligence where the claim is solely based on republishing information provided by the sheriff.

Finally, the fair report privilege "extend[s] to a claim of intentional infliction of emotional distress tied to the same operative facts that gave rise to defamation claims."  *Jensen v. Sawyers*, 2005 UT 81, ¶52, 130 P.3d 325, 336 (Sup.Ct.).  Thus, as the privilege barred the defamation claim, it also precludes the emotional distress claim.

. . .

. . .

. . .

---

[10]   Defendant engaged in no conduct toward I.F.'s parents by publishing the report about I.F. Thus, their claims never had any merit.

WHEREFORE Defendant respectfully requests this Honorable Court award Defendant a judgment of dismissal on the pleadings, with prejudice, pursuant to Fed. R. Civ. P. 12(c).

DATED this 10th day of April 2018.

Respectfully submitted,

/s/ Ronald D. Green

Ronald D. Green (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
4035 S. El Capitan Way
Las Vegas, Nevada 89147

W. Andrew McCullough (2170)
6885 S State Street, Suite 200
Midvale, Utah 84047

*Attorneys for Defendant
Accucom Corporation*

Case No. 1:17-cv-132-RJS-DBP

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on April 10, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I further certify that a true and correct copy of the foregoing document being served via transmission of Notices of Electronic Filing generated by CM/ECF.

Respectfully submitted,

Employee,
Randazza Legal Group, PLLC