Brian K. Jackson (15296)
BRIAN K. JACKSON, LLC
341 S. Main St. Suite 500
Salt Lake City, Utah 84111
Phone: (801) 441-8922
Fax: (801) 534-1948
brianj@bjacksonlaw.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, NORTHERN DIVISION**

| | |
|---|---|
| In Re Interest of I.F. a minor child; Sherrie and Michael Fazzio,<br>    Plaintiffs,<br>v.<br>The Standard Examiner.,<br>Sandusky Newspaper Inc.,<br>Weber County,<br>Acucom Corporation, aka Records Finder<br>    Defendants. | **PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO FILE UNDER SEAL**<br><br>Civil No.: 1:17-cv-00132-RJS<br><br>Judge Robert J. Shelby |

    Plaintiffs, I.F. a minor child, through his legal guardian Sherrie and Michael Fazzio, and Sherrie and Michael Fazzio in their individual capacities respectfully move that this court seal the contemporaneous filing pursuant to *DUCivR 5-3 (a)* and requests that this court grant the following relief:

1. That this court seal all documents exhibits and photographs related to this action under this contemporaneous filing indefinitely or for the duration of this case.

2. The motion and memorandum and exhibits contain sensitive juvenile information regarding a minor child and is therefore privileged and the motion and memorandum reference such information as undisputed facts.

3. The information to be filed contains a juvenile court order that the original court of jurisdiction has not authorized the public for inspection of which the motion and memorandum also references as an undisputed fact.

4. The information to be filed contains exhibits of photographs of a minor child that were taken in connection to this case and are therefore privileged.

5. The information to be filed contains juvenile proceeding actions and are therefore privileged and are still under seal in the State of Utah.

6. The information to be filed contains a statement from a minor child that are therefore privileged as well as statements from his parents.

7. The information to be filed contains privileged information regarding the academic credentials of the minor child and confidential information regarding his academics.

8. The information to be filed contains privileged information relating to the health care and health related concerns regarding a minor child.

9. The information here is truly deserving of protection.

10. As a result, Plaintiff would requests that this court seal the above-referenced documents and or redacted the highlighted portions.

11. The redacted information is attached hereto.

**WHEREFORE,** Plaintiffs would request the following relief:

1. That the information to be filed here contemporaneously be sealed or in the alternative:

2. That the information highlighted in the memorandum be sealed.

3. That the statement from the minor child be sealed.

4. That the juvenile court order be sealed and charges and documents related to the proceedings be sealed. *(Exhibit A)(Exhibit B)*

5. That the photographs and charges of the minor child be sealed.*(Exhibit G)(Exhibit F)(Exhibit E)(Exhibit L)(Exhibit D)(Exhibit M)*

6. That any information cited in the memorandum and exhibits and declarations that relates to the health, education, and juvenile proceedings be sealed.

7. That the information be sealed indefinitely.

## SUMMARY

This case involves causes of action that involved the dissmention of federally protected juvenile information which is protected under state and federal law. In order to proceed in this action and to file a motion for summary judgment, the information to be filed would need to be under seal of the court as there is information relating to the minor child that relates to education, health, and juvenile sealed information that is protected under state and federal law.

## LEGAL ANALYSIS

Pursuant to DUCivR 5-3(a) unless restricted by statute or court order, the public shall have access to all Documents filed with the court and to all court proceedings. On motion of a party and a showing of good cause, a judge may order that a Document be sealed. 2) The Motion for Leave to File Under Seal must specify why the Document is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. Specifically, the motion must: (A) be narrowly tailored to seek protection of only the specific information that the party alleges is truly deserving of protection; and (B) state the duration of the seal; and (C) state the statute, rule, case law, or reason supporting the sealing of the Document.

Here, the documents are restricted through statute and court order. Given that juvenile records are already *de facto* sealed and can only be unsealed by a juvenile court judge which did not occur in this case the protected juvenile information regarding the proceedings are not open to the general public. *(see The Federal Family Educational and Privacy Rights Act 20 U.S. Code § 1232g[1] (See also Utah Code 78-6-2-209(3)).* Juvenile proceedings are considered classified under state law. *Utah Code Ann. 78A-6-106.5; Section 63G-2-305* The County also has no authority under statute to disseminate the photograph of I.F to the general public. *(see Utah Code 78A-6-1104(8)(a)(i)(ii)(iii)*.

The court records in juvenile proceedings are only open to inspection by a parent or guardian and the agencies and attorneys involved in the juvenile action. *Utah Code 78A-6-209 Utah Code Ann. 78A-6-1206.* Federal law echoes state policy and also protects juvenile information in juvenile proceeding under *18 U.S. Code § 5038:(a)* "Throughout and upon the completion of the juvenile delinquency proceeding, the records shall be safeguarded from disclosure to unauthorized persons."

In regards to the protection of educational information of a minor child federal law provides the following pursuant to 20 U.S. Code § 1232g:

> An agency caseworker or other representative of a State or local child welfare agency, who has the right to access a student's case plan, … provided that the education records, or the personally identifiable information contained in such records, of the student will not be disclosed by such agency or organization.

*(See also 45 CFR § 160.103; and 34 CFR, part 98).*

---

[1] 20 U.S. Code § 1232g "An agency caseworker or other representative of a State or local child welfare agency, who has the right to access a student's case plan, … provided that the education records, or the personally identifiable information contained in such records, of the student will not be disclosed by such agency or organization."

In regards to health information, The United States Supreme Court has upheld the constitutional protection of personal health information. (s*ee Whalen v. Roe,* 429 U.S. 589 (1977)). Also the under federal policy that right is protected under the Health Insurance Portability and Accountability Act of 1996. This is further enforced under *Federal Register,* 2000, 65(250):82462-82829; part of the policy to protect information is related to minor children and their feeling safe to go to health care providers to seek treatment the dissmentation of such information which may in turn dissuade them from seeking such treatment. *Id.*

   a. Discussion

Here, this case is focused on a cause of action regarding the dissemination of protected juvenile information as well as the health effects that have occurred as a result of the dissemination of the information for a minor child and as a result, good-cause is shown. *(See complaint, highlighted portions for Summary Judgment to be redacted)* This is also related to educational information regarding the minor child regarding juvenile proceedings. *(See attached Motion for Summary Judgment)*

   *i. Plaintiffs concerns of filing a juvenile court order under seal as evidence.*

There is also a juvenile court order that is referenced in the motion and is attached would also be used as an exhibit. Given that the juvenile court order is still under seal from the Weber County juvenile court there are concerns on whether or not it is lawful to even file and publish the juvenile court order in this proceeding as it would essentially violate the Weber County seal.

The proceedings and references to the order are made through declarations of the Plaintiffs which should suffice as evidence here and implication that the matter was sealed and the orders were as provided as such. *(See Declarations of Plaintiffs)*

If the court feels that it has reciprocal authority to review the juvenile court order under seal without violating the order of Weber County then Plaintiff will file the order under seal or leave the declarations to suffice under the seal.

### ii. Request to seal the entirety of the pleadings and exhibits or the highlighted portions and related highlighted citations.

Given that the entirety of this case is cruxed on such information, Plaintiff would request that the pleadings here be made under seal of this court, or in the alternative, Plaintiff would request that the highlighted portions of the Motion for Summary judgment be redacted and related citations from those highlighted portions which are directly related to the specific health, educational and juvenile proceedings. Plaintiffs would also request that the declarations of the parents and the minor child that relate to such information, the juvenile court order, the charges and the minor child's photograph and the declaration of the minor child also be under seal.

Since the entire case is cruxed on the dissemination of this information and the health effects that occurred as a result, and all the facts are in relation to a minor child, there are concerns that even if some of the portions was redacted, an individual would be able to make deductions of the proceedings as a whole regarding the minor child although Plaintiffs understand that the original complaint was not made under seal with redacted personal identifiers, this motion gets into specifics as to the facts to prove the complaint.

There are also concerns that if only some information was redacted and some information was made public, it might curtail the minor child from continuing to seek medical help for the actions that have occurred in this matter the concern of which has already happened here due to the dissemination of information that was released originally. *(See highlighted portions of Memorandum)*

## CONCLUSION

The documents are restricted from being open to the public through statute as this involves educational, health information, photographs and juvenile proceedings of a minor child and the documents should be sealed or the highlighted versions.

Submitted this 23rd day of April, 2018.

/s/ Brian Jackson
Brian K. Jackson
Brian K. Jackson, LLC
Attorney for Plaintiffs

## Certificate of Service

      I certify under penalties of perjury subject to the Utah State Code that I mailed a true and correct copy of the Motion for Summary Judgment to Defendants via electronic filing with the CMF e-filing system which sent notice to all Defendants who have made an appearance on this matter on April 23rd, 2018:

                                         /s/ Brian Jackson
                                         Brian K. Jackson
                                         Brian K. Jackson, LLC
                                         Attorney for Plaintiffs