Brian K. Jackson (15296)
BRIAN K. JACKSON, LLC
341 S. Main St. Suite 500
Salt Lake City, Utah 84111
Phone: (801) 441-8922
Fax: (801) 534-1948
brianj@bjacksonlaw.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, NORTHERN DIVISION**

| | |
|---|---|
| In Re Interest of I.F. a minor child; Sherrie and Michael Fazzio,<br>    Plaintiffs,<br>v.<br>The Standard Examiner.,<br>Sandusky Newspaper Inc.,<br>Weber County,<br>Accucom Corporation, aka Records Finder<br>    Defendants. | **OPPOSITION TO ACCUCOM'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Civil No.: 1:17-cv-00132-RJS<br><br>Judge Robert J. Shelby |

      Plaintiffs, I.F. a minor child, through his legal guardian Sherrie and Michael Fazzio, and Sherrie and Michael Fazzio in their individual capacities now by and through their legal counsel, Brian K. Jackson of Brian K. Jackson, LLC in the United States District Court for the District of Utah, Northern Division and hereby move that this court strike Accucom's Motion for Judgment on the pleadings pursuant to Rule 12(f) of the Federal Rules of Civil Procedure and requests for the following relief:

1. That this court strike Accucom's motion as premature for joining other co-defednatn's briefing that have not yet been resolved.

2. That this court strike Accucom's motion as the defenses they raise and adjoin from other

defendant's briefing were not raised in their answer.

3. The only defenses that Accucom raised were truth of the publication and the statutory privilege claim and the court should only address those claims.

4. The defenses for failure to state a claim outside truth and publication does not put Plaintiff on notice as to the defense and is not pleaded with particularity in their answer and the motion should be stricken as to those arguments.

5. Defendants also fail to plead a failure to state a claim standard under the proper legal authority.

6. Defendants are also raising facts that are outside the pleadings and their motion should be considered a Rule 56 motion which is not properly pleaded.

7. Defendants also make broad claims as to the factual allegations without citations to legal authority the inferences of which are immaterial in a failure to state a claim action.

8. Defendants have already raised these same legal issues in their motion for sanctions and had the opportunity to join co-defendant's briefing before filing an answer or file their own motion when they filed their motion for sanctions that has the same legal analysis with the same legal issues that are raised in this motion.

9. As a result, their motion is immaterial, has insufficient defenses, they arguments raised are redundant and are impertinent.

10. Accucom already admitted to publication in their answer and in their motion. *(See Opposition to Accucom's 12(C) Motion)*

**WHEREFORE,** Plaintiffs respectfully pray that this court grant the following relief:

1. That Accucom's 12(C) motion be stricken as described above.

## INTRODUCTION

Accucom's briefing fails procedurally, factually and legally. They have failed to brief the court on a failure to state a claim analysis. They have failed to brief the court on a Summary Judgment Analysis citing to specific facts but still disputing the factual allegations in the complaint. They failed to make a claim for failure to state a claim in their answer without putting Plaintiff on notice why they had failed to state a claim. They failed to adjoin to other co-defendant's 12(b)(6) motion before filing an answer and have waived their right to make such a pleading under rule 12 and have also filed pleadings related to this same legal issues and as a result had the opportunity to file pleadings on these same legal issues. From that, the only defenses they could raise here based off their answer is their statutory defense for defamation and their defense for truth for defamation.

They cannot adjoin and incorporate other co-defendants arguments, including first amendment arguments if it is not in their answer. Also, if they are adjoining arguments of other co-defendants on their pending 12(b)(6) motion, then their 12(C) motion is premature as the pleadings are not complete as to that motion. Their factual contentions to Plaintiff's allegations in the complaint is inappropriate under a failure to state a claim action and would require Defendant to cite to evidentiary facts to dispute the materiality and genuinity of the facts.

Also, since Defendant is citing to factual allegations outside the complaint then, this motion would have to be treated as a motion for summary judgment, which as noted, would fail procedurally. Defendant's defenses are not an absolute bar that would require dismissal and would only indicate a higher burden of proof for Plaintiff under that defense and is an issue that should be reserved for trial.

## LEGAL ANALYSIS

Under Rule 12 of the Federal Rules of Civil Procedure the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Id at (f).[1]

Under Rule 12 of the Federal Rules of Civil Procedure, a party may plead for judgment on the pleadings after the pleadings are closed.[2]

To evaluate a Rule 12(c) motion for judgment on the pleadings, the court employs the same standard that it uses to analyze a Rule 12(b) (6) motion to dismiss. [3] A Rule 12(b) (6) motion to dismiss will be granted only if it appears beyond a doubt that the plaintiff is unable to prove any set of facts entitling her to relief under her theory of recovery. [4] The court must view all reasonable inferences in favor of the plaintiff, and the pleadings must be liberally construed. *Id.* (citation omitted). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support her claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974).[5]

If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion. [6][7]

The addition at the end of subdivision (b) makes it clear that on a motion under Rule

---

[1] Id at (f).
[2] Id. at (c).
[3] *Ramirez v. Dep't of Corr.,* 222 F.3d 1238, 1240 (10th Cir. 2000).
[4] *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).
[5] *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974).
[6] *Id at D.*
[7] (See Notes of Advisory Committee on Rules—1937)

12(b)(6) extraneous material may not be considered if the court excludes it, but that if the court does not exclude such material the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56.[8]

Also, as to to 12(b)(6) motions and other defenses under Rule 12, "A motion asserting any of these defenses must be made *before* pleading if a responsive pleading is allowed." *Id. Referring to 12(b)(1 - 7) defenses Id.*

Further, a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion. *Id at (g)(1)*(referring to Rule 12). A defense is also waived if it is not made by motion under Rule 12 or failure to include it in a response pleading allowed by *Fed. R. Civ. Proc. 15(a)(1)*.[9]

Failure "to state a claim upon which relief can be granted or to state a legal defense to a claim may be raised: (A) in any pleading allowed or ordered under Rule 7(a);(B) by a motion under Rule 12(c); or (C) at trial."

### A. Rule 12 Discussion

**i. Accucom can't incorporate the defenses of a co-defendants defenses if they were not raised in Accuom's answer and have waived any defenses or any claims to a 12(b)(6) motion and as a result is an insufficient defense.**

Here, Defendant in pleading this matter joined the pleading of co-defendants The Standard Examiner and Sandusky Newspaper. *(See Def.'s 12(C) Mot. at 2)*. Co-Defendant's pleadings are pursuant to a 12(b)(6) pleading.

Defendant already filed an answer in this matter. As a result, joining Defendant's motion

---

[8] Id.
[9] *Id at (h)(A)(B)(ii)(iii).*

here after filing an answer is not allowed under the rule and they waived their right to file a failure to state a claim motion under rule 12.

This is because such a motion that Accuom is now joining must be made before filing a responsive pleading. Accucom joined the motion *after* filing a responsive pleading of which is not allowed. A failure to state a claim action could then only be filed under Rule 7, which is an answer or at trial.

The arguments raised in the co-defendant's pleadings cannot be joined if those arguments were not raised by Defendant, including a first amendment claim as well as specific claims and arguments in the briefing. The only defense they would have here is truth for defamation and fair report privilege for defamation. [10]

### ii. If Accucom is joining a 12(b)(6) motion that is still pending then a 12(C) motion is premature which makes the motion impertinent and insufficient.

Furthermore, if Accucom is joining co-defendants briefing, the motion of which is made before a responsive pleading, then this motion is also premature since such a motion can only be filed after the pleadings are closed.

If co-defendants still have pending 12(b)(6) motions of which Accucom is now joining, then the pleadings cannot yet be closed.

### iii. Accucom failed to plead with particularity an affirmative defense for failure to state a claim in their answer that would put Plaintiff on notice of such a defense which makes their defense insufficient.

Under the general rules for pleadings pursuant to Rule 8 of the Fed. R. of Civ. Pro. a party must state in short and plain terms its defenses to each claim asserted against it and admit or deny the allegations asserted against it. *Id at (1)(A)(b)(b)*[11] Pleadings are also to be concise

---

[10] *(See Def.'s 12(C) Mot. at 3, 10)*
[11] *Id at (1)(A)(b)(b)*

and direct. Also the list of affirmative defenses that can be raised in a claim are listed under this rule, the affirmative defense of failure to state a claim is not included, is that is required under Rule 12. *Id at (C)(1).*[12]

Accucom in its answer and as a defense, states that Plaintiffs failed to sufficiently plead the elements of a cause of action for any cause of action as to defendant. However, their defense statement fails to state why or how Plaintiff failed to state claims in their causes of action. They state that they lack sufficient information to admit or deny parts of the causes of action and claim that there are legal conclusions. [13]

However, Accucom is now pleading that there are elements that cannot be met in this action including negligence, outrageous and intolerable conduct based on the pleadings and that the claims "are not cognizable under the law." [14]Those claims were not raised to the attention of Plaintiff in the answer and Defendant as a result has waived such defenses. Those claims were also not brought pursuant to a 12(b)(6) motion and Accucom has again waived any claim for a failure to state a claim action.

**iv. Accucom is raising this 12(c) motion under claims that are not equitable under a 12(c) motion and the issues raised were already raised by Accucom in their motion for sanctions which makes their motion redundant.**

Accucom also claims that the court opened the possibility of a pretrial disposition of the claims as a basis for bringing the motion any kind of inference is not a valid justification or legal option to raise a 12(c) motion.  The basis for their claims are the following arguments that lack evidentiary value or legal support and flawed logic and there is no legal basis or support as to

---

[12] *Id at (C)(1)*.
[13]  *(See Def.'s 12(C) Mot. at 6)*
[14] *Id at 2, 5, 6.*

why Accucom is making these arguments on a motion for judgment on the pleadings.

Also, Accucom field a motion for sanctions with the court on the exact same legal issues and incorporated the briefing of co-defendants on the exact same legal issues. As a result, Defendant cannot now raise the same legal issues that they essentially rose in their motion for sanctions. Furthermore, Plaintiff had to respond to the briefing and show that Plaintiff had a plausible claim

It would not be equitable and these pleadings are redundant for Accucom to continue to file motions against Plaintiff on the same legal issues where 1. They had the chance to join the briefing of co-Defendant's before they filed an answer as they were the last party to file an answer. 2. They had a chance to file their own motion to dismiss before filing an answer. 3. They had a chance to join the briefing when they filed a motion for sanctions and in fact incorporate the arguments into their motions for sanctions. The defenses they raise in their briefing is the exact same issues raised by other defendants.

**v. Accucom has failed to plead and brief a failure to state a claim action in their motion.**

Under a failure to state a claim standard, Accucom must prove that Plaintiff has failed to state a plausible claim of which relief can be granted under the standard of 12(b)(6). Defendant did not brief or analyze such legal authority which has made this response difficult. They instead bring this under a no genuine issue of material fact standard implying Rule 56 rendering their claims as an insufficient defense.

**vi. Accucoms brief of facts outside the complaint and the legal law cited is under the pretenses of a motion for summary judgment not a failure to state a claim based on allegations in the complaint which are not supported by facts and demonstrate that there are still material facts to be resolved and should be reserved for trial and are immaterial under a 12(b)(6) motion.**

Here, it appears that Accucom makes a claim under Summary Judgment under the "no issue of material fact standard." So in essence, if Defendant failed to identify why Plaintiff failed to state a claim in the original answer, then they have failed to state an affirmative defense, adjoining other parties' defenses after the answer is filed is again improper.

It also appears Defendant is making a case on the facts and disputing the facts in the complaint despite their lack of failure to cite factual, legal or expert authority to show a genuine dispute as to the genuineness of them and their materiality instead of arguing affirmative defenses.[15] This is also without the complaint citing to evidence, so Defendant cannot dispute any material facts if they had not been raised at that point as to the factual allegations.

## CONCLUSION

Defendant's motion for judgment on the pleadings fails procedurally as they cannot incorporate defenses they did not properly plead in their answer and defenses raised by other co-defendants they did not raise themselves. The only defense they properly raised in their answer were truth as to defamation and their statutory privilege claim. All claims should be stricken as redundant, immaterial, and as an insufficient defense.

---

[15] *(See Def.'s 12(C) Mot. at 2)*.

## Certificate of Service

      I certify under penalties of perjury subject to the Utah State Code that I mailed a true and correct copy of the Motion for Summary Judgment to Defendants via electronic filing with the CMF e-filing system which sent notice to all Defendants who have made an appearance on this matter on April 27th, 2018:

                                        /s/ Brian Jackson_____
                                        Brian K. Jackson
                                        Brian K. Jackson, LLC
                                        Attorney for Plaintiffs