Brian K. Jackson (15296)
BRIAN K. JACKSON, LLC
341 S. Main St. Suite 500
Salt Lake City, Utah 84111
Phone: (801) 441-8922
Fax: (801) 534-1948
brianj@bjacksonlaw.com

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| In Re Interest of I.F. a minor child; Sherrie and Michael Fazzio, <br><br>      Plaintiffs, <br><br> v. <br><br> The Standard Examiner., <br> Sandusky Newspaper Inc., <br> Weber County, <br> Acucom Corporation, aka Records Finder <br>      Defendants. | **OPPOSITION TO ACCUCOM'S MOTION FOR JUDGMENT ON THE PLEADINGS** <br><br> Civil No.: 1:17-cv-00132-RJS <br><br> Judge Robert J. Shelby |

Plaintiffs, I.F. a minor child, through his legal guardian Sherrie and Michael Fazzio, and Sherrie and Michael Fazzio in their individual capacities now bring this action by and through their legal counsel, Brian K. Jackson of Brian K. Jackson, LLC in the United States District Court for the District of Utah, Northern Division and hereby move that this court grant Plaintiff Summary Judgment based on the following:

### INTRODUCTION

The statute Accucom claims as privilege as a defense as already noted in prior briefings, is not applicable in this case as it does not involve a public figure or a matter of a public concern or a fair comment privilege or official action on criminal charges. The jury instructions cited in

this briefing also further indicate that Defendants are misinterpreting the statute as there is not

instruction for actual malice regarding a private person regarding a private affair. This also does

not require a requisite degree of fault and strict liability is imposed.  Application of the statute as

interpreted against I.F. in his cause of action would also violated his first amendment rights as

well as other constitutional rights.

Accucom has already admitted to publication in their answer and cannot now raise that

defense. Their arguments for publication also fail as there is no issue Defendant wrote the

allegations onto their domain and website. Defendant's analysis for falisty also fails and what the

complaint alleges proves to the contrary as it alleges falsity.

Also, in Defendant's own admission in the answer and the factual allegation that they

raise outside the pleadings in this motion demonstrate that Defendant has admitted to the posting

of the information and that the information posted was false.

Finally, they have failed to make a showing of no genuine issue of material fact of which

they allege and failure to state a plausible claim and Plaintiffs has had trouble what legal

standard is used here in its response since the legal standard is not properly pleaded, cited or

briefed throughout the motion.

## RESPONSE TO FACTUAL ALLEGATIONS

1. ¶5. Defendant publishes official reports of arrests provided by law enforcement

authorities, stating:

> The information presented on the Site is sourced from records made freely and
> publicly available by state and local offices, agencies, or departments.
> PoliceArrests does not warrant or guarantee that the information presented is
> current or accurate, and you therefore should not use the Site to verify any
> individual's arrest, booking, or criminal records. For the most recent information
> regarding any record presented on the Site, contact the relevant state or local office,
> agency, or department. ALL INDIVIDUALS APPEARING ON THE SITE ARE

INNOCENT UNTIL PROVEN GUILTY IN A COURT OF LAW.
See Dkt. No. 40-1.3

**Disputed:** The fact that policearrests does not warrant or guarantee the accuracy of the information does not shield them from liability when they fail to accurately report information presented. Also, policearrests insinuates here with this statement that all individuals on the site are innocent until proven guilty, implying that I.F. still had pending charges made against him and that he was arrested on April 10th, 2017, the day his charges were resolved implying the charges filed were false. Defendant also fails to state where this statement is published and how conspicuous it is to readers.

2. On or about February 21, 2017, I.F. was charged with violating the law, though the allegations were ultimately resolved in I.F.'s favor. See id. at ¶¶9-10.

**Disputed:** Plaintiff will accept that the allegations were resolved, "in his favor" however, it does not adequately represent the ultimate resolution of the case made in the complaint. *(Complaint at ¶10)* He had juvenile proceedings brought against him as a result of the actions that occurred. A juvenile cannot be charged and convicted of criminal misconduct.They were also resolved before he set foot into the adult detention center on April 10th, 2017. *Id  at ¶15.*

3. Plaintiffs allege that I.F.'s mugshot and charges appeared on <http://policearrests.com>. See id. at ¶28. Plaintiffs claim the Plaintiffs allege that Accucom acted with reckless disregard in posting "protected juvenile information on [its] website[] without prior authorization through the juvenile courts." See id. at ¶68. Such allegations are based on the Weber County Sheriff's Office having disseminated the information about I.F. that was allegedly published by Accucom. See id. at ¶¶29-30 & Dkt. No. 40-2.4.

**Disputed:** The allegations that Accucom acted in reckless disregard are based on the fact

that he was not charged with adult criminal proceedings on April 10th, 2017 and that the charges

posted did not fairly and adequately represent the purpose of I.F. being at the adult detention

center that day and that Accucom acted in reckless disregard before fact-checking and

determining whether or not is was in their best interest to post the image of a vulnerable minor

child the information of which is protected under state and federal law. *(See Complaint Cause of*

*action #2)*

### ADDITIONAL FACTS RELATED TO THIS MATTER ON THE PLEADINGS

*\*Plaintiff incorporates the facts alleged in the complaint in this response.*

1. Defendant pleaded the following defense in its motion in the following manner:

> "Seventh Affirmative Defense Failure to State a Claim 1. Plaintiffs have failed to
> sufficiently plead the elements of a cause of action for any cause of action as to
> Defendant." *(Accucom's Answer at 11)*

2. Defendant admitted to the following factual allegation in its answer,

> "Defendant admits that an individual with the initials 'I.F.' was charged with unlawful
> conduct in Weber County."[1] *Id.*

3.  "Defendant admits that an individual with the initials 'I.F.' had his mugshot and charges on a

webpage on the website at the domain "policearrests.com." *Id. at 4 ¶ 28,*

4. "Defendant otherwise admits that an individual with the initials "I.F." had a photograph

believed to be of him along with charges filed against I.F. published on Defendant's website."

*(Accucom's Answer at ¶57)*

5.  "Paragraph 28 of the Amended Complaint admits to the truth of the Defendant's alleged

publication." *Id a 9*

2. "Although the burden of proof for falsity is upon Plaintiffs, as applied to Plaintiffs' claims for

---

[1] There is allegation of a unlawful conduct criminal charge in the complaint. It only states, "I.F. is a minor child who was charged with allegations through the Weber County Juvenile Center." Unlawful conduct is a specific crime and he was not charged with such specific crime.

defamation, false light, and intentional infliction of emotional distress, Defendant avers that all factual statements allegedly made by Defendant complained of by Plaintiffs are true." *Id at 10.*

## LEGAL ANALYSIS

Under Rule 12 of the Federal Rules of Civil Procedure, a party may plead for judgment on the pleadings after the pleadings are closed. *Fed. R. Civ. Proc. at 12(C).*

To evaluate a Rule 12(c) motion for judgment on the pleadings, the court employs the same standard that it uses to analyze a Rule 12(b) (6) motion to dismiss. *Ramirez v. Dep't of Corr.,* 222 F.3d 1238, 1240 (10th Cir. 2000). A Rule 12(b) (6) motion to dismiss will be granted only if it appears beyond a doubt that the plaintiff is unable to prove any set of facts entitling her to relief under her theory of recovery. *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). The court must view all reasonable inferences in favor of the plaintiff, and the pleadings must be liberally construed. *Id.* (citation omitted). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support her claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974).

*Plaintiffs incorporates the analysis in their motion to strike as to the contentions Accucom made as to the factual allegations under section iv.*

The remaining arguments in Defendant's motion are the parents of I.F. and their claims, as to defamation, their claim that this information  was true and it was true and they have a statutory privilege under the claim.[2] They also claim the information was not published. Under False light, they claim that this matter was not publicized, and again it appears they are claiming what was published was true. Under intentional emotional distress, that the conduct was not

---

[2] These are the  only actual defenses they can raise in a motion and other defenses that are not appropriate here are addressed in Plaintiff's motion to strike.

outrageous and intolerable, that intentional infliction of emotional distress is only actionable if

the words are defamatory, and that the fair report of privilege extends to claims of defamation.

### i. Utah's model jury instructions

In responding to these claims, Plaintiff would first note Utah's model jury instructions for

defamation and false light as well as the affirmative defenses:

**Falisty under defamation:**"False" means that the statement is either directly untrue or
that it implies a fact that is untrue. In addition, a defamatory statement must be materially
false. A statement is "materially false" if it is false in a way that matters; that is, if it has
more than minor or irrelevant inaccuracies.

A true statement cannot be the basis of a defamation claim, no matter how annoying,
embarrassing, damaging, or insulting it may be. To be considered "true" in a defamation
case, a statement need not be completely accurate. The statement need only be
substantially true, which means the gist of the statement is true.

You should determine the truth or falsity of the statement according to the facts as they
existed at the time [name of defendant] published the statement.
Air Wis. Airlines Corp. v. Hoeper, __ U.S. __, 134 S. Ct. 852 (2014) West v. Thomson

Newspapers, 872 P.2d 999 (Utah 1994)

**Defenses under the first amendment derived from U.S. and State Supreme court
decisions:**

**Public figure malice:** I have already determined that [name of plaintiff] is a [public
official, general purpose public figure, or limited purpose public figure]. As a result,
[name of plaintiff] cannot recover on [his/her/its] defamation claim unless you find that
[he/she/it] has proved by clear and convincing evidence that [name of defendant] made
the allegedly defamatory statements with actual malice. To prove actual malice, [name of
plaintiff] must prove that at the time [name of defendant] made the allegedly defamatory
statements, [name of defendant] had actual knowledge the statements were false or
actually entertained serious doubts as to whether the statements were true. The question is
not whether a reasonable person would have known that the statements were false or
entertained serious doubts about their truth, but whether [name of defendant] actually had
such knowledge or doubts at the time of publication. *St. Amant v. Thompson,* 390 U.S.
727 (1968); *Cox v. Hatch*, 761 P.2d 556 (Utah 1988)

**Private figure of a public concern:** I have already determined that [name of plaintiff] is
a private figure and that the subject matter of the allegedly defamatory statements

pertains to a matter of public concern. As a result, [name of plaintiff] cannot recover on [his/her/its] defamation claim unless you find [he/she/it] has proved by a preponderance of the evidence that [name of defendant] made the allegedly defamatory statements with negligence. To prove negligence, [name of plaintiff] must prove that at the time [name of defendant] made the allegedly defamatory statements, [name of defendant] did not take reasonable care to avoid the publication of statements that are substantially false. Reasonable care is the degree of care and caution or attention that a reasonable person would use under similar circumstances. *Gertz v. Robert Welch, Inc.,* 418 U.S. 323 (1974)

**Publication:** [Name of plaintiff] must prove [name of defendant] "published" the allegedly defamatory statements. Publication means [name of defendant] communicated the statements to a person other than [name of plaintiff]. Publication can be oral, written, or non-verbal if a person's non-verbal conduct or actions specifically communicate facts about the plaintiff. "Written" statements include statements that are communicated electronically or digitally. *Jacob v. Bezzant,* 2009 UT 37, 212 P.3d 535

**Committee Note on when instructions are used for a private individual that is not of a matter of concern for strict liability:** "This instruction should be used where the plaintiff is not a public official or public figure, the statement(s) do not relate to a matter of public concern, the court has determined that it is reasonable to understand the statement(s) at issue to be referring to the plaintiff, and the court has determined that the relevant standard of fault is strict liability."

*Utah Model Jury Instructions Second Edition (MUJI 2d).*

## I. Parent's claims

Under the parent claims, Plaintiffs have not alleged that that their names were defamed and or were put into false light, those causes of action are brought on behalf of I.F. through his parents the claim of which is made concisely as to I.F. *(Complaint at ¶ 57, 63)*

## III. Discussion on model jury instructions on defamation and Accucom's defense and their statutory privilege.

*Plaintiffs incorporate their briefing in their opposition briefing with The Standard Examiner under the portion of the statutory privilege claim under Utah law and defamation under Sections I and II.*

Under the model jury instructions, they show, as Plaintiff noted in his opposition briefing with The Standard Examiner, that no private individual must show actual malice in a defamation claim. No private individual must show negligence if it is not a matter of public concern. There

is no model jury instruction under the privilege statute Accucom claims for a private individual.

How defendants are attempt to interpret the statute is incorrect and is not congruent with first

amendment analysis and the heightened burden of proof needed for public figure Plaintiffs and

private figure Plaintiffs regarding a matter of public concern. As a result, no requisite degree of

fault is needed. Further, even if Plaintiff was a private figure and this was a matter of public

concern, it does not require dismissal, it is only a heightened burden of prove for Plaintiffs in

their case in chief if Defendant can prove that such defenses are applicable.

### i. Defendant's statutory privilege claim.

As already noted in prior briefings, *Utah Code § 45-2-3(4)* applies only when criminal

charges are buttressed by official action which includes the issuance of a warrant and a finding of

probable cause. *(see Russell v. Thomson Newspapers,* Inc.42 P.2d 896 (1992); *Seegmiller v. KSL,*

*Inc.*626 P.2d 968 at FN 4 (1981).

"Mere allegations of conduct which might be violative of the criminal law should not be

construed to fall within the privilege."*Id.* … "Indeed, allegations of criminal conduct, being

particularly damaging to a reputation, have historically been treated as slanderous per se under

the common law."*Id.*

It also must be a fair and true report of the charge. *Id.* It also must be a fair and true report

of the proceeding. *Id.* It also must be of a proceeding that was "lawfully convened for a lawful

purpose" and "open to the public or the broadcast of the matter complained of was for the public

benefit." *Id. Utah Code § 45-2-3(4).* It also needs to be of a charge or complaint made to the

public official. *Id.*

Also, under the same code, it notes, "Except as provided in Section 45-2-1.5, nothing in

this act contained shall be construed to relieve any person broadcasting over a radio or television station from liability under the law of libel, slander, or defamation."

Also, the statute includes a showing of actual malice if the statue is applicable, however, as defendants try and apply the statute, it does not conform with what the Utah Supreme Court and the U.S. Supreme Court when actual malice applies:

> "For the heightened protection of actual malice to apply, a plaintiff must be either a public figure or a public official. A public figure is one who has either (1) attained special prominence in the affairs of society and thus assumes a public figure role voluntarily, or (2) thrust himself or herself to the forefront of public controversies in order to affect the outcome of those controversies. *Gertz,* 418 U.S. at 345, 94 S. Ct. at 3009. The former category is known as a "general purpose public figure," and the latter, as a "limited purpose" public figure. *See Ruebke v. Globe Communications Corp.,* 241 Kan. 595, 738 P.2d 1246, 1251 (1987); *Kurth v. Great Falls Tribune Co.,* 246 Mont. 407, 804 P.2d 393, 394 (1991). *Russell,* 42 P.2d 896 at FN 20.

*Russell,* 42 P.2d 896 at FN 20. *Dun & Bradstreet Inc. v. Greenmoss Builders, Inc.*, 472 U.S. 749, 105 S. Ct. 2939, 86 L. Ed. 2d 593 (1985), made clear that the constitutional requirement of fault in a private plaintiff defamation case applies only if the subject matter of the defamatory falsehood pertains to a matter of "public concern."

*Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 346-49, 94 S. Ct. 2997, 3010-11, 41 L. Ed. 2d 789 (1974), also notes that the U.S. Supreme Court *made a different accommodation* between free speech and reputational interests in cases involving plaintiffs who are private persons. Gertz held that (1) the reputational interests of private individuals could receive greater constitutional protection than the protection accorded public officials and public figures (*See Cox v. Hatch,* 761 P.2d 556 (1988))(emphasis added)

Defendants in their brief also claim that the common law fair comment privilege is different from the statutory fair comment privilege, as Plaintiffs have noted that only comments

are protected and not statements of facts. In this matter, the Utah Supreme Court stated, "the privilege stated in § 45-2-3(3) is really a privilege recognized at common law and applies generally in defamation cases." (*See Brehany v. Nordstrom, Inc.* 812 P.2d 49 (1991). Again, this would be that only editorials and opinions are privileged and not hard facts. *(See FN 12 of this brief)*

*Article I, Section 11* of the Utah Constitution also notes the following: All courts shall be open, and every person, for an injury done to him in his person, property or reputation, shall have remedy by due course of law, which shall be administered without denial or unnecessary delay; and no person shall be barred from prosecuting or defending before any tribunal in this State, by himself or counsel, any civil cause to which he is a party.

    **a.   Discussion**

Here, factually, their claim for privilege under the statute fails. The charges identified by the Weber County's Sheriff's Office were only mere allegations and were in fact false allegations as he was not arrested on new charges on April 10th, 2017 as Defendant's point out in their briefing. No arrest was made that day. No finding of probable cause was made that day. As a result, only slander and libel per se would apply here without a showing of additional claims. Since that was not the case of the actual proceedings and charges that occurred, then it could not be a fair and true report.[3] Also, the fingerprinting and photograph of I.F. was not open to the public. This was also not a report of a court proceeding.  *(Complaint at 9 - 18, 57,- 64, 66 - 69)*

This was a report of a proceeding at the adult detention center. Even if it was a report of

---

[3] See discussion on negligence and falsity in Plaintiff's Opposition briefing with the Standard Examiner under Section IV.

the juvenile proceeding, it was not open to the public.[4] There was no charge or complaint made

to the Weber County Sheriff's Office on April 10th 2017. There was no public benefit in posting

this information as there was no actual new story related to the charges that were posted.[5] Also,

the juvenile judge would have to make a determination legally to see if opening the proceedings

would benefit the public. The law has determined that per se, juvenile proceedings are not open

to the public and not for a public benefit absent court order. *Id.*

### 1. Even if Actual Malice applied, it is not an absolute bar and Accucom did not reasonably believe their statements were true.[6]

Also, Defendant claims that actual malice is an absolute privilege, it is not an absolute

privilege, or it would be a complete bar. Also, with the facts that Accucom presents with their

disclaimer, it demonstrate that Accucom is claiming that they did not reasonably believe his or

statements were true. *(See Def.'s 12(c) Mot. at 1)* Based on that disclaimer alone, it shows that

Defendant did not reasonably believe its statements were true.

Also, since one of the charges noted, "of a minor child" and the age of the minor child,

they could also not believe that the statement that they published, that I.F. was booked and jailed

on April 10th, 2017 into the adult detention center were reasonably true. Again, mere reliance on

---

[4] The complaint does not allege that this was a report of a judicial proceeding, it alleges it was what stemmed from proceedings at the Adult Detention center. *(Complaint and 15, 16, 17)* The complaint does not allege that it was a charge or a complaint made to a public official. *Id.* Accucom, like the Standard Examiner, knowingly omitted portions of the statute "of a charge or complaint *made by any person to a public official,* upon which a warrant shall have been issued or an arrest made." *Utah Code §45-2-3(4)* As noted in the prior briefing, if they omitted this portion then they have failed to state a claim under the statute. In Defendants FN 6, they claim that it does not protect the public officials themselves. The issue is that it has to be a complaint made to a public official. No complaint was made to a public official as alleged in the complaint. So here, under this footnote, their statutory claim fails under a failure to state a claim standard.

[5] Plaintiffs have already noted that this is not a matter of Public concern (*See sections I(a) and II(i) of Plaintiff's 12(b)(6) Opp. Mot. Standard Examiner II(B)(iv))(* In other words, "persons actually [must have been] discussing some specific question. A general concern or interest will not suffice." *Waldbaum,* 627 F.2d at 1297.

[6] Def.'s also claim that they are the media which is not alleged in the claim and would be a matter of dispute and would be necessary to determine if any privilege to them applies. (See Complaint at 2, #4)  Since it is not alleged that they are the media, they cannot make a claim for a defense under the statute under a judgment on the pleadings. Also, under defamation and as already discussed in opposition briefing, negligence is not required for a private plaintiff regarding a private matter. The Utah Supreme Court overturned or clarified S*eegmiller v. KSL, Inc.,* 626 P.2d 968, 973 (Utah 1981)  in *Cox v. Hatch,* 761 P.2d at 559, 556 (1988) (See Pln's Opp. Brf. Standard Examiner at 30, 31, 33) This would also apply to false light claims as well.

the government and the claim with the assumption that they are "flawless" in their courses and proceedings is not a defense. *(See also FN 14 of this brief)*

### ii. What was published was false.

If it was a report of the judicial proceeding, then Accucom and The Standard Examiner would have had to be present at the judicial proceeding or reported from someone from the judicial proceeding and there would be an actual report of the judicial proceeding. This was a report of a fingerprinting proceeding and photograph proceeding. The only fair and true report that could have protection was a report on April 10th, 2018 I.F. was present for fingerprinting at the adult detention center because the juvenile detention center's program was not working and that his pending charges were resolved. If it states he was arrested that day by the Sheriff's office it was false of which Accucom admits:

> "Arrest reports are commonplace in our society. Defendant publishes reports of Arrests." *(Def's 12(C) Mot. at 7)*.

If it states he had pending criminal charges when he went to the Sheriff's Office that is false. These were mere allegations of criminal misconduct which were improperly posted and mere allegations do not have any fair comment privilege. (*See Plaintiff's Opposition Briefing as to the fair comment privilege)* Claiming that they posted a fair and true report of the false information that the Sheriff's office posted is not a defense.

If the report was not fair and true to begin with, then they cannot make a claim that it was a fair and true report two wrongs do not make a right. If all private co-defendants reported that the Sheriff's Office reportedly arrested I.F. on April 10th, 2017 with pending criminal charges then they may have a defense under the fair comment privilege. However, instead of reporting and citing the Sheriff's Office, they make a definitive statement of fact. Also, even if they cited

such information, they would still be held liable for publishing false information reported by the Sheriff's Office as the only proof needed is publication and falisty the source is not relevant.

News Reporters have to pay special attention to how they publish a criminal action. If they report that an individual had been convicted of a crime and the charges were only pending, then they are liable for defamation. If they report that an individual was charged and was only approached by investigators for questioning, then they are liable for defamation.

This is was not a minor inaccuracy. This was a major inaccuracy. A minor inaccuracy would have been his birthdate give or take a few months or maybe the misspelling of his name. The gist or substance of things was that he was not arrested on April 10th, 2017. The gist or substance of things is that he resolved the matter on April 10th, 2017 prior to showing-up at the adult detention center to get photographed and fingerprinted. The gist or substance of things is that minors cannot be arrested. That minors cannot be charged with crimes and that minors cannot be convicted of crimes and minors cannot be held in an adult detention center, minors cannot be tried as adults absent court order. The gist or substance of things was that he did not have new criminal charges pending against him as of April 10th, 2017. The incident occurred two months prior.

This was all properly alleged in the complaint, indicating a plausible claim. *(See Complaint ¶ 58 parts a - f).* Defendant cannot also dispute the materiality and genuineness of such claims in this pleading. Accucom's duty is not to publish false information regarding an private individual in a private affair under libel and slander per se.

As a result, Accucom factually cannot make a claim or defense to the privilege under the statute they claim privilege and what was published was false.

### iii. If the statute was somehow applicable it would run afoul of I.F.'s first

**Amendment rights under slander and libel analysis and other constitutional rights.**

If the statute was applied as Defendant is asking the court to interpret it, the interpretation would violate I.F.'s first amendment rights. Here, Defendants have made constant claims to first amendment protections absent state action. However, I.F.'s first amendment rights have not been recognized of which he has against state action. State action of which would be the statute as Defendants are attempting to apply it in this case.

### a. I.F. has protections as to recovery and proof under the first amendment.

As noted in the opposition briefing under the first amendment analysis with The Standard Examiner the U.S. Supreme Court has noted how the first amendment applies as to public figures, and private figures regarding a matter of public concern and private figures regarding a matter of private concern as in the legal authority cited here, I.F. has a different constitutional accommodation as the first amendment applies to him.[7]

In a defamation case, Defendants can claim first amendment protections against actions from public figures and matters of public concern, but those protections would also have apply to private Plaintiffs conversely.[8] The U.S. Supreme Court has then also provided protections to private figures and their reputation and their ability to recover from individuals that slander their name. The analysis under the first amendment is that private figures do not have the same voice to combat a defamatory statement as to public figures and they have not thrusted themselves into the public limelight. So if the statute was interpreted as Defendants claim that it should be interpreted, the statute would violate I.F.'s first amendment right to protections from false

---

[7] *Dun & Bradstreet Inc. v. Greenmoss Builders, Inc.*, 472 U.S. 749, 105 S. Ct. 2939, 86 L. Ed. 2d 593 (1985),*Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 346-49, 94 S. Ct. 2997, 3010-11, 41 L. Ed. 2d 789 (1974),(*See Cox v. Hatch*, 761 P.2d 556 (1988))*See Ruebke v. Globe Communications Corp.*, 241 Kan. 595, 738 P.2d 1246, 1251 (1987); *Kurth v. Great Falls Tribune Co.*, 246 Mont. 407, 804 P.2d 393, 394 (1991). *Russell*, 42 P.2d 896 at FN 20.

[8] Plaintiffs have already noted that this is not a matter of Public concern (*See sections I(a) and II(i) of Plaintiff's 12(b)(6) Opp. Mot. Standard Examiner II(A)(iv))*

statements and recovery from false statements that have been outlined by the U.S. Supreme Court.[9]

### b. The statute as applied would go beyond the scope of what the U.S. Supreme Court has authorized for first amendment protections regarding private persons.

The first amendment also does not protect false statements. *Id at I(a) and (b)*. However, Defendants  claim that the statute as applied in this case does. So if the statute as applied in that context would also reach beyond the bounds of the first amendment into a realm where the protections are afforded, then it would go beyond the scope of the first amendment and its bounds in defining parameters regarding burden of proof for individuals and again, violate the first amendment and the underlying basis for the enactment of the statute in the first place.

A statute that came from first amendment jurisprudence cannot became a law of its own and run a foul of how it came about in the first place. It also raises questions as to whether or not the state has the power to enact such a statute in light of the first amendment as, the powers to enact such laws in relation to Libel and Slander are derived from the first amendment and the protections it offers.

### c. The statute as applied would violates the 14th Amendment of I.F.'s due process rights under the first amendment as well as equal protection as a minor child and violate the commerce clause and his right under Article I, Section 11 of the state constitution.

With that, Defendants would also have to show how the statute survives strict scrutiny as applied here to I.F.'s due process enumerated right under the first amendment as applied with the 14th Amendment and as applied to the specific facts under this case.[10]

Also, since this issue is in relation to a private individual with an alleged damaged

---

[9] *(See sections I(a) and II(i) of Plaintiff's 12(b)(6) Opp. Mot. Standard Examiner)*

[10] *.(see City of Boerne v. Flores, 521 U.S. 507 (1997); Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal, 546 U.S. 418 (2006))*

Opposition to Accucom's
Motion for Judgment on the Pleadings 15

reputation, the statue as Defendants attempt to interpret it would also raise concerns on the State's unlawful regulation of interstate commerce under the commerce clause and the supremacy clause in their regulation of the media as applied to private actions with private individuals. (See *Brown v. Maryland,* 25 U.S. (12 Wheat.) 419 (1827) *Halliburton Oil Well Co. v. Reily,* 373 U.S. 64 (1963); *Minnesota v. Blasius,* 290 U.S. 1 (1933)).

 If the state's interest is only to protect the media from liability that is not a proper or legitimate state interest to any purpose and it runs afoul to the State's 10th Amendment interest regarding the health and safety of its citizens who suffer from such protectionism. As noted in the U.S. Supreme Court decisions, it is the federal government's interest to regulate how libel and slander claims apply to the first amendment.

It would also raise concerns of equal protection under the 14th Amendment in relation to a suspect class based on age and minor children and how this statute is discriminatory as applied to the facts of this case under strict scrutiny as well as an arbitrary and irrational test.[11]

As the first amendment points out, if this is not a matter of public concern, then there is no government interest here in favor of the Defendants that would warrant statutory protection. The statute as applied here would also run afoul irrationally and be contrary and aribrarty to the protections that are afforded to minors and juvenile proceedings and the fact that juvenile proceedings are not public proceedings. If the state has an interest in protecting the information of minor children's information, then they cannot in the same breadth claim that they have an interest in barring a minor child from recovery when that interest was violated in relation to a private entity.

---

[11]  See, e.g., Kadrmas v. Dickinson Pub. Sch., 487 U.S. 450, 459 (1988)  (quoting Plyler v. Doe, 457 U.S. 202, 239 (1982) (Powell, J., concurring)

This would also go beyond the scope and purpose of the statue as the statute only applies to public proceedings. A juvenile proceeding is not a public proceeding, the fingerprinting and photographing of a minor child is not a public proceeding. Even if Defendants could prove that what was published was a report of a juvenile court proceeding, it would still have to be a public court proceeding.

### d. Legal effects to Defendants if it was applied to them.

It would not make sense as to applicability in this case and to context as applied to other legal provisions. If the statute applied is in favor of Plaintiff's interpretation, there would not be the similar domino effect of falling against bigger rights and liberties. The only thing that it would protect is the principle of favoritism and protectionism which also undermines the underlying purpose of the statute, the duty that Defendants have not to publish false information and gives Defendants an incentive to Defendants to continue to publish false information without recourse and safeguards that in turn damages the reputation of an individual and in this case, tainted, scarred, undermined, upheaved a minor child and his entire High School experience and adolescent experience and his future and memories with those peers.[12]

### e. The statute if applied also raises the question as to whether Policereports.com is even considered the media given their course of business and what is the definition of the media as well as the plain meaning of the staute and its purpose and intent.

Also, it raises the question in this day and age with social media and electronic messaging, essentially anyone can claim that they are the media. Can Policereports.com claim to be media under the statute if they are only publishing the arrest information of individuals for profit instead of having the interest of reporting the news and creating public debate with such

---

[12] This would also be a dormant commerce clause violation and also raise commerce regulation implications.

news used? Can any private individual make claim to the statute? There needs to be a course and scope and purpose for the statute and again, the statute applied in this case overrides the original intent of the statute in the first place and what it aims to protect which is newsworthy, debatable, pertinent topics to the public at large to apprise them of government action that may affect or concern them personally, it is not for the gathering and posting of information to make a profit off other people's difficult life circumstances.

 **IV.    Defendant has already admitted to publication in its answer and the allegations demonstrate Publication.**

Here, publication includes writing and communication through a website. The statements were written onto the website of Defendant which is sufficient to prove publication under the jury instructions noted above. *(Complaint at 28)* Also, If the information came from the Sheriff's Office then it was published to a third party from a third part and if it was written again by Accucom on their website, then it was published again to a third party either internally in compiling the information or to a website viewer.

Defendant makes the following contention to the allegations based on publication without factual legal authority or expert testimony that could be proved outside the pleadings:

> "Merely because part of the internet is colloquially called 'the world-wide web' does not mean everything on every website has a global audience." *(Def's 12(C) Mot. at 5).*

Again, this is flawed logic. They are inferring that in order to prove publication on the world wide web it must be a global audience. This is irrelevant to prove publication. It just must be published, here it was published on their website showing a plausible claim for publication. Also, Defendant has already admitted to the following and waives any publication arguments:

> "Defendant admits that an individual with the initials 'I.F.' had his mugshot and charges on a webpage on the website at the domain "policearrests.com". *(Accucom's Answer at 3)*

As a result, there is no claim or defense to publication either under a plausible claim or a a genuine issue of facts despite the lack of  citation to the facts.

    **i.**            **Defendant in its answer and in the facts they allege outside the pleadings in this motion have admitted to the publication and its falisty.**

Also, in relation to what Defendant has admitted this far, they have admitted that I.F. had juvenile criminal proceedings against him and that they were resolved and that actions against him commenced on February 21st, 2017. *(Def.'s 12(C) Mot. at 1)* Defendant has admitted that his mugshot and charges on the webpage were on policearrests.com. *(Accucom's Answer at 3)* Defendant also admits to the truth of the alleged publication.

If they admit the alleged publication then they cannot make a defense and that defense is waived. If they admit to the truth of the alleged publication, then they are also admitting to what was published. Namely, the charges, his picture and the date of the arrest, namely, April 10th, 2017. If they admit to this, then the statements are false as I.F. was not arrested or placed under arrest for charges when he stepped foot into the adult detention center and what was published would in fact place I.F. into a false light and defame his character and name and consequently cause emotional distress. Defendant also admits to the following in their answer:

    "Defendant avers that all factual statements allegedly made by Defendant complained of by Plaintiffs are true." *(Accucom's Answer at 10).*

Also, Defendant in their facts, which are outside the pleadings of the complaint, admit that they claimed I.F. had pending legal charges against him and was innocent until proven guilty:

    ALL INDIVIDUALS APPEARING ON THE SITE ARE INNOCENT UNTIL PROVEN GUILTY IN A COURT OF LAW. *See Dkt. No. 40-1.3 (Def.'s 12(C) Mot. at ¶5.*

So here, again, if they admit they posted the "arrest" information from what occurred on April 10th, 2018, and claim that at that date, if they post arrest information,[13] if they make a statement under their warranty that I.F. had pending legal criminal charges against him, then it was in fact false and Defendant has proved such in their answer and in this motion.

So here, they reported that I.F. appeared and was arrested on charges from the Sheriff's office on April 10th, 2017 and at that time, he was innocent until proven guilty and at that time had not gone through the process to resolve the charges.

Finally, if Defendant, "avers" that the statements made by Defendant in Planitiff's complaint are true, in that Defendant posted the charges and his mugshot which was obtained from the Weber County's sheriff's office which they admit in this complaint factually that the information came from Weber County, then they also must admit to the falsity of the arrest information coupled with them admitting that they post "arrest" information.

## IV.    Plaintiffs properly pleaded a plausible claim for Intentional Infliction of Emotional Distress and or Defendant can not show a lack of genuine dispute of material fact in their favor on the allegations in the complaint.

> *Plaintiff incorporates its opposition briefing with the Standard Examiner under section III.*

Also, specifically relating to the emotional distress claim, there is no genuine issue and or or defense to a plausible pleaded claim that this was extreme and outrageous behavior as already noted and responded to under Defendant's argument and statement in the preceding part of this motion:

> "No reasonable person would think it was or would view a juvenile delinquent more charitably than an adult offender in setting forth the incremental difference." *(Def's 12(C) Mot. at 6)*

---

[13] "Arrest reports are commonplace in our society. Defendant publishes reports of Arrests." *(Def's 12(C) Mot. at 7).*

Despite this, the following applies here:

> "It is conceivable that the mere publication of falsehoods concerning an individual could constitute extreme and outrageous conduct warranting a remedy for the ensuing emotional distress."

*Russell v. Thomson Newspapers, Inc.*, 842 P.2d at 907. Also, the intentional infliction of emotional distress is not contingent on the other privacy causes of action as Defendant's allege. It can also stand independant given that I.F. was a minor child and Accucom posted his juvenile proceedings and his photograph.

Even if what was posted was true, given the purpose of Accucom posting the charges, (for monetary gain) and the societal norms of not posting juvenile information already discussed and the reckless nature Accucom went about posting the information without safeguards and now their claims that they have no duty to post a retraction, is sufficient to show a plausible claim for intentional infliction of emotional distress.[14] [15]

---

[14] The following are citications to Defendant's briefing: "That you therefore should not use the Site to verify any individual's arrest, booking, or criminal records" *(See Def.'s 12(C) Mot. at 1). (See Footnote 18) This admission proves actual malice as Defendant did not reasonably believe their information was accurate when it was published.* (See this brief at 11)

"Nor is it offensive to not provide a follow-up as to the dispensation of the charges; there is no obligation for a media entity to publish a follow-up." *Id at 6.(See FN 17 of this Brief) (To the contrary, this demonstrates reckless disregard for the damage they already incurred).*

"There is no factual difference between a minor and an adult charged with the same crimes; the only difference is how the state will treat the defendant." *Id. ( This is without factual basis, legal basis, expert basis and is not pleaded in the complaint.The presumption is not in favor of Accucom here and they would have to overcome the societal norms with actual evidence. Their own sentence contradicts itself. If there is no factual difference between an adult and a minor child charged with the same crime, then the state would not and should not treat a minor child differently from an adult. Because there are differences, then there are factual differences The government, acting through the people and legislation have determined that there is a difference between a juvenile actor and an adult actor given the emotional vulnerability of minor children, the respect to parents as their guardians, the possibility of curtailing such actions so an individual does not obtain actual criminal*

*charges as an adult, the differences in rights and proceedings with a minor and an adult, including for a judge that must make a factual determination on whether or not a minor child has reached a point of maturity and understanding where they could be tried as an adult, the lack of mental culpability that a minor child may have due to the fact that their brain is still developing, the lack of minor children being able to adequately* understand the ramifications and consequences of any illegal action they may take either in the system or harm done to a victim or their property, the higher amount of peer pressure that minor children are in to have friends and a social life*).*

"Here, Defendant is alleged to have published an official account of charges as provided by the Sheriff. That is neither indecent nor immoral. Arrest reports are commonplace in our society. Defendant publishes reports of arrests. It is not required to publish the disposition of the charges. Plaintiffs fail to assert how it offends decency or morality merely to publish the arrest information provided by the sheriff. It may be unfair that

the Sheriff provided the wrong information, but the press covering the official statements from law enforcement is proper in a society with a free press." *Id at 10. (This is not indecent or immoral per se However, in this case, societal interests have determined that the publishing of minor's juvenile proceedings and photograph are indecent and immora,  Posting a photograph of a minor child from a juvenile legal proceeding that has no newsworthy value to the public as a whole is considered indecent and immoral whether or not is was lawfully obtained and especially if it was unlawfully obtained as complained here).  Also, as already noted in prior briefing a juvenile cannot be arrested. So if they are reporting I.F. was*

**V. Claim on false light**

Claims on false light are addressed in the motion to strike under subsection vi a and b as well as under the opposition briefing to The Standard Examiner relating to negligence and truth. Publication is already discussed in this briefing. *(See sections III, IV and V)(See Also Footnote 5 of this brief)*

Defendant also claim that there is no duty of care in republishing government data. (*See FN 14)* Reposting government information still requires a duty of care. Accuom is involved in the business of providing arrest information of individuals. They have a duty of care to each individual and to its customers to report accurate information. Again, disclaiming away any duty they have as a company in the course of business they do is meritless.

> Most newspapers ... have verification and review procedures that must be followed prior to publishing a story. The purpose of these procedures is to ensure that published stories are as accurate and complete as possible. If a publication negligently or maliciously fails to follow such procedures with respect to a factual assertion and thereby potentially subjects itself to an action for defamation, one can hardly argue that permitting such an action abridges or restrains the press.[16] *(Accucom misstated the law in their brief as noted below on opinion and editorial privilege)*

Also, under the same statute it notes,

> "Bona fide compliance with any federal law or the regulation of any federal regulatory agency shall be deemed to constitute such due care as hereinabove mentioned."

*Utah Code § 45-2-7.* Here, the complaint alleged that the information was published unlawfully

---

*arrested that would be false. Utah Code 78A-6-7-703(12)  ....  The fact that they profit off this information also raises questions of whether or not the company is profiting off the likeness or image of another individual under wrongful appropriation. This is ever so more egregious if they are profiting off the likeness or image of a minor child and publishing the information without the state's, the federal government's or the parent's consent. The cause of action is not present in this case but again raises questions as to the standard of care of Accucom and handling sensitive information of individuals and most especially here, a minor child.*

[15] (See also the discussion under actual malice in this briefing at page 11)
[16] *West v. Thomson Newspapers,* 872 P.2d 999, 1014 (1994), (Accucom makes the exact pinsite to prove the contrary. The citiation they make is when the Utah Supreme Court refers to editorials which gives individuals more leeway than the actual publishing of hard facts. As a result, Accucom severely misrepresents the law in their claim. Further, as noted the fair comment privilege stems from the common law, which again as noted in this case makes the statute not applicable to definitive statements of facts. (See Def's 12(C) Mot. at 3)

by Accucom without prior authorization through the juvenile courts with charges that included, "by a minor child." Demonstrating that they violated federal and state law and a juvenile court order. Also inferring they posted this information without a records request. As a result, since there was not compliance with applicable law, then it is inferred they did not conduct due care in posting the information. Also, it is inferred that there was no process in place to flag the publication of information of minor children.

Meddling with the publication of private individuals involving criminal charges which can invoke a cause of action for libel per se would have cause for the company to have a duty of care before producing such a product. (See also FN 14)

Furthermore, "a term exempting liability for actions done recklessly or negligently are unenforceable on ground of public policy" this includes "if the other party is similarly a member of a protected class protected against the class to which the first party belongs." *Second Restatement of Contracts §195(1) (see also § 179).* As well as a term exempting a seller of a product from his special tort liability for physical harm to a user or consumer. *Id.* A term exempting a party from tort liability for harm caused negligently is unenforceable. *Id.* Also, a promise to commit a tort or to induce the commission of a tort is unenforceable on ground of public policy. *Id at 193.*

Here, I.F. is not in privity of contract with Accucom. As a minor child, contracts cannot be enforced against them and there was no contract between the parties in the first place. Furthermore, their disclaimer is not valid as it violates public policy as it attempts to negate liability of tortious acts specifically in this case to individuals who are not in privity of contract.

Plaintiff also properly pleaded negligence with the inference that he was processed for

new charges brought against him. *(Complaint at 12)*

And inferring that at that time, he was processed for new charges brought against him, which instead he had resolved the day before in Juvenile Court. *(As already noted, Juvenile proceedings for state and federal criminal statutory violations are not criminal proceedings, they are civil proceedings (see Utah Code Ann. 78A-6-116 (1) and (2)).*

For failing to cite the distinction to the general public that I.F. was a minor child and that he had Juvenile civil proceedings brought against him and not adult criminal proceedings. *(see Utah Code Ann. 78A-6-116 (1) and (2) Minor's cases considered civil proceedings -- Adjudication of jurisdiction by juvenile court not conviction of crime -- Exceptions -- Minor not to be charged with crime -- Exception -- Traffic violation cases -- Abstracts to Department of Public Safety)). (Complaint at 11)*

With what was published and what actually occurred, and the lack of verification features which can be inferred from the pleadings, Plaintiff properly pleaded a plausible claim as to negligence and false light.

## CONCLUSION

The laws and allegations here show that Plaintiff properly pleaded a plausible claim and Accucom's motion for judgment on the pleadings should be dismissed.

Submitted this 27th day of April, 2018.

/s/ Brian Jackson_____
Brian K. Jackson
Brian K. Jackson, LLC
Attorney for Plaintiffs

## **Certificate of Service**

I certify under penalties of perjury subject to the Utah State Code that I mailed a true and correct copy of Opposition to Judgment on the pleadings to Defendants via electronic filing with the CMF e-filing system which sent notice to all Defendants who have made an appearance on this matter on April 27th, 2018:

/s/ Brian Jackson_____

Brian K. Jackson

Brian K. Jackson, LLC

Attorney for Plaintiffs
