IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| SHERRIE FAZZIO et al., <br><br> Plaintiff, <br><br> v. <br><br> STANDARD EXAMINER, et al., <br><br> Defendants | ORDER re: Plaintiffs' Motion to Seal <br><br> Case No. 1:17-cv-00132-RJS-DBP <br><br> District Judge Robert J. Shelby <br><br> Magistrate Judge Dustin B. Pead |

This matter was referred to the Court under 28 U.S.C. § 636(b)(1)(A). (ECF No. 12.) The matter is presently before the court on Plaintiffs' request for leave to file their Motion for Summary Judgment and accompanying exhibits under seal. For the reasons set forth below, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' "Ex Parte Motion for Leave to File Under Seal." (ECF No. 47.)

I. **LEGAL STANDARD**

The Supreme Court has explained that "the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, (1978) (footnote omitted). "This right is premised upon the recognition that public monitoring of the courts fosters important values such as respect for the legal system." *Vega v. Wiley*, No. 07-1357, 2007 WL 4287730, at *1 (D. Colo. Dec. 5, 2007) (citing *In re Providence Journal Co.*, 293 F.3d 1, 9 (1st Cir.2002)). In recognition of this right of access, the District of Utah's Civil Rules state: "The records of the court are presumptively open to the public [and sealing court documents] is highly

discouraged." D.U. Civ. R. 5-3(a)(1). "To overcome this presumption against sealing, the party seeking to seal records 'must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process.'" *JetAway Aviation, LLC v. Bd. of Cty. Comm'rs of Cty. of Montrose, Colo.*, 754 F.3d 824, 826 (10th Cir. 2014). A party seeking to seal information bears a "heavy burden." *Id.* at 827.

## II. PARTIES' ARGUMENTS

Plaintiffs contend the information in their Motion for Summary Judgment and the exhibits filed in support of that motion should be sealed because the materials contain records of juvenile proceedings, which are statutorily protected. (ECF No. 47 at 4). Plaintiffs also argue that the Family Educational Rights and Privacy Act requires the court to seal any educational information. (*Id.*) Finally, Plaintiffs claim the "United States Supreme Court has upheld the constitutional protection of personal health information." (*Id.* at 5).

Defendant Acucom contends Plaintiffs have failed to overcome the strong presumption against sealing court records. (ECF No. 50). Acucom also argues the court should refrain from sealing Plaintiffs' documents because Plaintiffs failed to keep some of the information at issue private. (*Id.* at 2–3)

## III. ANALYSIS

### a. The court will deny Plaintiffs' request to seal their entire Motion for Summary Judgment and all supporting exhibits because the request is overbroad.

In an attempt to abandon the District of Utah's local rules, Plaintiffs ask the court to seal the entirety of their Motion for Summary Judgment and all attached materials. The first requirement in District of Utah Civil Rule 5-3 for motions to seal is that such motions "be narrowly tailored to seek protection of only the specific information that the party alleges is truly deserving of protection." D.U. Civ. R. 5-3(b)(2)(A). The court rejects Plaintiff's blanket request

to seal because it is entirely overbroad. The Motion for Summary Judgment, and many exhibits, contains entirely mundane information not deserving of protection. For example, much of the "legal argument" section of Plaintiffs' memorandum contains discussion of the law and generalized discussion of the circumstances of this case. *See* (ECF No. 47 at 13–30). Indeed, Plaintiffs do not identify a single word in their legal argument that should be redacted in the event the court adopts their alternative request to seal only portions of the memorandum. Also, some exhibits appear to be website printouts that contain no information related to Plaintiff. *See, e.g.*, (ECF No. 47, Ex. 4). Thus, the court declines Plaintiffs' blanket request to seal.

> **b. The court will grant in part and deny in party Plaintiffs' request to seal portions of their Motion for Summary Judgment and exhibits individually**
>
> 1. *Exhibits 1, 2, 5–7, 10, 12, 13, and 15–24 must be redacted*

Exhibits 1, 2, 5–7, 10, 12, 13, and 15–24 will remain sealed temporarily, but Plaintiffs must file copies of these exhibits on the public docket with I.F.'s birthdate, photograph, and all minors' names redacted. Rule 5.2 provides that a minor's name and any individual's date of birth are protectable. Fed. R. Civ. P. 5.2(a).[1] Yet Rule 5.2 and the District of Utah's Civil Rules provide for a balanced approach that respects the open nature of courts. When protectable information is not directly pertinent to issues before the court, counsel should redact it. *See* D.U. Civ. R. 5-3(a)(2)(B) & (C). Further, even when a document contains protectable information that is pertinent to the legal issues before the court, counsel must file a copy of the document with the protectable information redacted, even if an unredacted copy is filed. *See* D.U. Civ. R. 5-3(a)(2)(D). Counsel has not even attempted to comply with this requirement. Accordingly,

---

[1] While photographs are not listed in Rule 5.2, the court finds good cause to protect I.F.'s photographs in this case based on Utah statute. The Utah Code not only limits who may access a minor's photographs, but also allows destruction of those photographs if a juvenile record is later expunged. *See* Utah Code Ann. § 78A-6-1104(8) & (9).

counsel must redact each instance of I.F.'s birthdate, photograph, and all minors' names from Exhibits 1, 2, 5–7, 10, 12, 13, and 15–24 and then file redacted copies of those exhibits on the public docket. Failure to file redacted copies within fourteen days will result in the court unsealing these exhibits without further notice.

2. *<u>The court will not seal Plaintiffs' brief in support of their motion for summary judgment and the unredacted portions of Exhibits 1, 2, 5–7, 10, 12, 13, and 15–24</u>*

The court declines to seal Plaintiffs' brief and the remaining portions of Exhibits 1, 2, 5–7, 10, 12, 13, and 15–24 because the public interest in open court records outweighs the private interest of disclosure of anonymized juvenile, medical, and school records. As previously mentioned, District of Utah Civil Rule 5-3 instructs parties to redact private information rather than seal information. This preference is shared by both the Tenth Circuit and our sister districts. Parties should "redact private information where it reasonably could be done." *Williams v. FedEx Corp. Servs.*, 849 F.3d 889, 905 (10th Cir. 2017); *see Sibley v. Sprint Nextel Corp.*, 254 F.R.D. 662, 667 (D. Kan. 2008) (denying a request to seal where "the parties d[id] not demonstrate that redaction would be insufficient to protect any information which is legitimately confidential personal information."). Here, Plaintiffs have not shown that redaction will be ineffective to protect I.F.'s privacy interests. Instead, Plaintiffs cite generally to privacy interests in juvenile, medical, and school records. While the court appreciates there are reasons to keep portions of this information private, Plaintiffs cite no authority that suggests those interests are best served by wholesale sealing of large amounts of information. Instead, those issues can easily be addressed by redacting personal identifiers as authorized by Federal Rule of Civil Procedure 5.2 and further authorized by the court's ruling that Plaintiffs may redact I.F.'s photograph from the records at issue. Further, many of these exhibits contain information that Plaintiffs do not suggest deserves protection. For example, the exhibits contain text conversations, internet search

results, photographs of individuals who appear to be adults, and other miscellaneous information unrelated to I.F.'s health, court, or school records. In short, Plaintiffs have not established good cause to redact or seal the remaining portions of the records at issue. Their motion for summary judgment will be unsealed.

Additionally, Plaintiffs represent that the order of the juvenile court is "already *de facto* sealed and can only be unsealed by a juvenile court judge . . . ." (ECF No. 47 at 4). Plaintiffs offer no citation to support this claim. The order does not contain any indication that the juvenile court sealed it. *See* (ECF No. 47, Ex. 1). Plaintiffs cite to "Utah Code 78-6-2-209(3)." (ECF No. 47 at 4). No such statute exists. Presumably, Plaintiffs intended to cite Utah Code § 78A-6-209(3), which addresses the circumstances under which persons with a legitimate interest or researchers may obtain juvenile court records. Yet this same statute provides that such records are "open to inspection" by a minor's parents and attorneys. Utah Code Ann. § 78A-6-209(2)(a). I.F.'s parents and attorney apparently elected to file a copy of I.F.'s juvenile court records on this court's docket. Plaintiffs do not identify any portion of the statute that proscribes further dissemination of the records. Accordingly, Plaintiffs' request to seal this entire exhibit is denied.

### A. The court is interested in mitigating harm even assuming certain records have been previously disclosed

Also, the court rejects certain arguments made by Defendant Acucom. Defendant Acucom argues that "either the information about I.F. is already public, defeating any seal, or it is not, defeating [Plaintiffs'] claims." (ECF No. 50 at 3). Acucom also argues the court does not have the power to make private any information already publicly disclosed. (*Id.*) First, the court's ruling on the motion to seal has no effect on the merits of this case. The court refrains from any comment on dispositive issues. The court considers here only whether to seal certain documents filed in this case. Second, the court finds the information should be sealed in this case

even assuming it has been previously disclosed. The exhibits discussed will be sealed and redacted copies filed on the public docket, notwithstanding any prior disclosure of information contained within those exhibits. The court is interested in preventing unnecessary dissemination of minors' names, photographs, and birthdates.

3. *<u>The court will not seal or allow Plaintiffs to redact Exhibits 3, 4, 8, 9, 11, and 14</u>*

Exhibits 3, 4, 8, 9, 11, and 14 will be unsealed because they do not disclose information about juvenile proceedings, private education information, or health information. Plaintiff identifies nothing in these exhibits that deserves protection.

**IV. ORDER**

Based on the foregoing, the Court hereby, **GRANTS IN PART AND DENIES IN PART** Plaintiffs' "Ex Parte Motion for Leave to File Under Seal." (ECF No. 47). Exhibits 1, 2, 5–7 10, 12, 13, and 15–24, to Plaintiffs' Motion for Summary Judgment will remain under seal. The remaining requests in the Motion are denied. Plaintiffs' Motion for Summary Judgment and Exhibits 3, 4, 8, 9, 11, and 14 will be unsealed.

Additionally, Plaintiffs are **ORDERED** to file, within fourteen (14) days unsealed copies of Exhibits 1, 2, 5–7, 10, 12, 13, and 15–24 on the public docket with I.F.'s birthdate, photograph, and all minors' names redacted. Failure to file redacted versions of Exhibits 1, 2, 5–7, 10, 12, 13, and 15–24 within the prescribed period may result in the court unsealing these exhibits without further notice.

IT IS SO ORDERED.

Dated this 23rd day of May, 2018.

_____
Dustin B. Pead
United States Magistrate Judge